to extend time for filing brief. Allowed. Extension 20 days.
Docketed March 20, 1924. 2 Abs. 226.
18509—Ralph Slaughter v. State of Ohio. Motion to Athens Appeals to certify its record. Overruled.
Docketed April 11, 1924. 2 Abs. 274.

## SYLLABI OF CASES DECIDED LAST WEEK

### No. 361

No. 18019—The Southern Ohio Power Co. v. Public Utilities Commission. Error to the Public Utilities Commission

973. PUBLIC UTILITIES—Dedication of private property to public utility service not presumed without evidence of unequivocal intention—Public utility defined—Severance of relation under which a public utility has been adjudged so, automatically restores its status as private corporation.

MARSHALL, C. J.

1. A dedication of private property to public utility service will not be presumed from the fact that the product and service of the use of such property is the usual subject-matter of utility service, neither does such presumption arise from the sale by private contract of such product and service to utility corporations for purposes of resale. Such dedication is never presumed without evidence or unequivocal intention.

2. To constitute a public utility, the devotion to public use must be of such character that the product and service is available to the public generally and indiscriminately, or there must be the acceptance by the utility of public franchises or calling to its aid the police power of the state.

3. Where a corporation not incorporated and organized as a public utility has been adjudged to be a public utility and its property has been adjudged to be dedicated to public utility service because of the relation of such corporation to other corporations organized and operating as public utilities, and it appearing that such corporation has never rendered service or sold its product to consumers, a severance of the relation which was the basis of such adjudication automatically restores such corporation to the status of a private corporation.

Order reversed.

Jones, Day and Allen, JJ., concur. Robinson and Matthias, JJ., dissent. Wanamaker, J., not participating.

### No. 362

No. 18196—The Parker Alliance Company v. The Co-Operative Machinery Company. Error to the Court of Appeals of Cuyahoga county.

276. CONDITIONAL SALES — Suit in equity to foreclose lien, not precluded by 8570 GC., providing against seller's retaking without repaying part of purchase price—Waiver of the statute immaterial.

DAY, J.

The right to maintain a suit in equity to foreclose a lien created by a conditional contract of sale has not been precluded by Section 8570, General Code, providing against the vendor of a chattel retaking possession without repaying a certain part of the purchase price. The fact that such conditional contract

of sale contains a waiver of Section 8570, General Code, is immaterial.

Judgment affirmed.

Marshall, C. J., Robinson, Jones Matthias and Allen, JJ., concur. Wanamaker, J., not participating.

### No. 363

No. 18205—State ex rel Crawford, Exr., v. Industrial Commission. In Mandamus.

1283. WORKMEN'S COMPENSATION— Award by Industrial Commission to a wife is revokable so that in event of her death before all the installments are paid to her, her personal representatives not entitled to unpaid sums.

MARSHALL, C. J.

By virtue of the provisions of Section 35 of Article II of the Ohio Constitution, limiting the benefits of workmen's compensation insurance to workmen and their dependents, and by virtue of the provisions of Section 1465-72, General Code, limiting payment to injured employes and dependents of killed employes, and by virtue of Section 1465-88, General Code, providing that compensation before payment shall be exempt from claims of creditors and be payable only to employes or their dependents, and by virtue of Section 1465-86, General Code, conferring continuing jurisdiction upon the Industrial Commission and power to make modification or change of its findings and orders, an award of compensation from the state insurance fund, under Section 1465-82, General Code, to a wife living with her husband at the time of his death, is revocable, so that in the event of the death of such dependent, before all the installment payments of such award have been made, her personal representative is not entitled to receive the unpaid installments. (State ex rel Munding, Admr., v. Industrial Commission, 92 Ohio St. 434, overruled.)

Writ denied.

Jones, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.

### No. 364

No. 18091—William L. Symons v. Frederick B. Eichelberger. Error to the Court of Appeals of Cuyahoga County.

681. JURISDICTION — Plaintiff who received a judgment against a corespondent in a District of Columbia divorce suit, may maintain Ohio action for costs, without alleging their payment—Jurisdiction of D. C. court presumed, and burden of establishing rests on defendant.

ALLEN, J.

1. The courts of the State of Ohio will give full faith and credit to the judicial decrees of courts of record of the District of Columbia. Such decrees are conclusive upon the merits of the controversy therein adjudicated.

2. Suit may be maintained upon a judgment in favor of the plaintiff rendered by the Sucourts of record of the District of Columbia. against a co-respondent in a divorce suit for the costs of such suit, without alleging or proving that plaintiff has paid such costs.

3. In an action upon a judgment rendered in a court of record of the District of Columbia, jurisdiction is presumed. The burden of proof of establishing that the court in question had no jurisdiction to render the judgment sued upon rests upon the defendant.