*58
 
 Robinson, J.
 

 The plaintiff’s petition in error in case No. 20783 avers that on September 13, 1927, he addressed to the Honorable William C. Safford, superintendent of insurance of the state of Ohio, a complaint and request for an investigation on the part of the superintendent of insurance. He then embodies in his petition a copy of a letter written by him to the superintendent of insurance, a copy of a letter written by the superintendent of insurance to him, and a copy of a letter written by the superintendent of insurance to his attorneys, and makes such letters a part of his petition. The letter written by the plaintiff to the superintendent of insurance calls upon the superintendent to exercise the authority vested in him by Sections 9592-1 to 9592-18, General Code, and specifically requests the superintendent of insurance to investigate, after due notice to the insurance companies involved, a purported agreement entered into by various insurance companies writing fire insurance on farm property in Ohio, acting in co-operation with the Ohio inspection bureau, which fixed the rates upon which said agreement was predicated, which agreement raised the fire insurance rates on farm property in Ohio substantially 50 per cent.; charges that the rates took effect July 1,1925, without any action or recognition of the department of the superintendent of insurance; asserts that the plaintiff is an owner of farm property and is a policyholder in fire insurance companies affected by such unauthorized and unreasonable increase; protests against the rate; and asserts that the rates “were put into effect without any authority at law by an unreasonable and unlaw
 
 *59
 
 ful agreement among the insurance companies acting through the Ohio inspection bureau;” and asserts that the rates are against public policy.
 

 The petition avers that the superintendent of insurance refused to assume jurisdiction in the premises and to investigate the rates fixed by the Ohio inspection bureau, and embodies a letter to the plaintiff which substantiates such averment; also a letter to plaintiff’s attorneys which substantiates such averment.
 

 The prayer of the petition is that an order may issue out of this court,- directing defendant to assume jurisdiction in the premises, determine the reasonableness and unlawfulness of the rate complained of, and for such other orders and directions to the superintendent of insurance as are just and proper in the premises.
 

 The petition perhaps might better have been drawn averring the status of the plaintiff, the filing of the complaint, and the claimed erroneous action of the superintendent of insurance, rather than pleading the evidence establishing or tending to establish such fact; and perhaps the correspondence and proceedings had better have been embodied in a transcript. But, since the legislature has provided for the prosecution of an error proceeding from an order of the superintendent of insurance and has not provided a definite mode for, such prosecution, and it has not been the practice of this court to require in error proceedings to this court from the various administrative departments of the state that degree of technicality that is required in other proceedings, we will in this petition treat the perti
 
 *60
 
 nent matter of the embodied complaint and answers thereto as averments of the petition.
 

 The plaintiff brings this action under favor of Section 9592-14, General Code, which provides' in part:
 

 “The superintendent of insurance may, after due notice and hearing, upon complaint or upon his own motion, make an order disapproving any such agreement. * * * Any person in interest being dissatisfied with the order or refusal to make an order by the superintendent of insurance may within thirty days from the issuance of such order or refusal and notice thereof commence an action in the Supreme Court against the superintendent of insurance as defendant to review any action of said superintendent either in making or refusing to make any such order and such cause shall thereupon proceed as herein provided in Section 11.”
 

 Section 11, p. 745,107 Ohio Laws (9592-11, General Code), provides:
 

 “Any party in interest being dissatisfied'with any order of the superintendent of insurance may within thirty days from the issue of such order and notice thereof commence an action in the Supreme Court for the purpose of reviewing such order and such cause shall be duly set for hearing and proceed as in other cases.”
 

 This action therefore is a statutory proceeding in error from a refusal of the superintendent of insurance to make an order.
 

 To the petition the attorney general filed a motion to strike out each and every paragraph of the petition except the words, “Now comes the plaintiff,
 
 *61
 
 Charles Brand, and says that on September 13,1927, he addressed to the Hon. William C. Safford, superintendent of insurance, state of Ohio,” and the prayer.
 

 While this paper is denominated a motion,- its effect is that of a demurrer to the petition, and we will so treat it. According to our conception of the pleading, it raises the question, first, whether the actions of the plaintiff described in the petition were sufficiently definite as to the agreement complained of and the insurance companies involved to invoke the performance, of any duty by the superintendent of insurance, and, second, whether the plaintiff as a citizen and policyholder of an insurance company enforcing the rate complained of has capacity to invoke the performance of a duty by the superintendent of insurance by complaint, and whether he is an interested party as contemplated by Section 9592-14, General Code.
 

 Section 617, General Code, imposes upon the superintendent of insurance the duty to see that the laws relating to insurance are duly executed and enforced, and makes it his duty, when a violation of a law relating to insurance is reported to him, to take or cause to be taken the testimony, under oath, of any and all persons supposed to have knowledge of such violation, and to cause such testimony to be reduced to writing, and, if in his opinion there is sufficient evidence, to cause the person suspected of such violation to be arrested and prosecuted.
 

 Section 621, General Code, requires him to appoint a warden to investigate reported violations of law relating to insurance.
 

 Section 623, General Code, invests him, his deputy
 
 *62
 
 superintendent, and his warden with power to compel the attendance of witnesses to testify in relation to any matter which by tha laws of this state relating to insurance is the subject of inquiry and investigation, and requires the production of any books, paper, or documents pertaining to such matter; and invests him with the power to punish for refusal to attend and testify.
 

 Section 9592-6, General Code, empowers the superintendent of insurance to address inquiries to any individual, association, or bureau, which is or has been engaged in making rates or estimates for rates for fire insurance upon property in this state, in relation to the organization, maintenance, or operation or any other matter connected with its transactions, and invests him with power to require the filing of schedules, rates, forms, rules and regulations, and such other information as may be required.
 

 Section 9592-12, General Code, forbids any fire insurance company and any rating bureau from entering into or acting upon any agreement with regard to the making, fixing, or collecting of any rate for fire insurance upon property within the state except in compliance with this act. (Sections 9592-1 to 9592-18.)
 

 Section 9592-16, General Code, provides:
 

 “Any violation of the provisions of this act [Sections 9592-1 to 9592-18] by any fire insurance company or other insurer authorized to effect insurance against the risk of loss or damage by fire or lightning in this state, or by any rate-making bureau or officer or agent of either shall be a misdemeanor and on conviction shall be punishable by a fine
 
 *
 
 *
 

 Section 9592-18 provides:
 

 
 *63
 
 “Nothing herein shall'be construed as repealing or affecting the provisions of Sections 9563 and 9564 of the General Code.”
 

 Section 9563, General Code, provides:
 

 “If such company, association or partnership doing business in this state, * * * enters into any compact or combination with other insurance companies, or requires its agents to enter into any compact or combination with other insurance agents or companies, for the purpose of controlling the rates charged for fire insurance on propérty in this state, or of controlling the rates per cent, amount of commission or compensation to be allowed agents for procuring contracts for such insurance on such property, the superintendent of insurance forthwith shall revoke and recall the license to it to do business in this state, and no renewal thereof shall be granted for three years after its revocation.”
 

 Prior to the filing of the petition in case No. 20783, the plaintiff had filed in this court case No. 20727, under favor of the same statute, with which he had filed a transcript of the proceedings and evidence adduced before the superintendent of insurance with reference to the same fire insurance rates. The petition and the transcript were filed on the seventeenth day of August, 1927, no precipe for summons wás filed, and no summons issued or served. On September 7, 1927, the superintendent of insurance, in writing, waived the issuance and service of summons and entered his appearance in the.cause. On November 2, 1927, he filed a motion to dismiss the petition, upon the ground that the action was not begun within thirty days of the refusal of the superintendent of insurance to issue an order in that case.
 
 *64
 
 That case was inaugurated before the superintendent of insurance on the fifth day of October, 1926, and his refusal to issue an order was made on the eighteenth day of July, 1927.
 

 The failure of the plaintiff to file a precipe for summons with his petition, and his failure to secure a waiver of summons within thirty days from the eighteenth day of July, 1927, prevented the filing of the petition and the transcript becoming “an action” within the contemplation of Section 9592-14, and that case is therefore dismissed.
 

 Because, however, it relates to the same subject-matter, and because the refusal of the superintendent of insurance to entertain jurisdiction to make an investigation in case No. 20783 is based upon the proceedings had under the complaint filed in case No. 20727, we have had recourse to the transcript in that case. And, had the superintendent of insurance under that complaint discharged the duty imposed upon him by law, we would be disposed to hold that, while an order of an administrative officer upon a complaint does not amount to
 
 res adjudicata
 
 in law, yet- an administrative officer ought not to be obliged to investigate the same transaction indefinitely, and that a refusal, in the exercise of a sound discretion, to further investigate the transaction upon a second complaint would have been justifiable. But an inspection of the transcript in that case discloses that the superintendent of insurance was of opinion that his duty in the premises was to hear the complaint and determine whether the complainant had- upon such hearing proved the agreement and the rate to be unlawful, unjust, and against public policy, and that his function, instead of being
 
 *65
 
 that of an investigator, was rather a function in the nature of the function of a court trying a fact. He therefore required the complainant to assume the
 
 burden
 
 of proving the existence of an unlawful agreement between the companies writing farm fire insurance in Ohio, in co-operation with the Ohio inspection bureau, to fix rates for such insurance, and the burden of proving that the same was against public policy, and contented himself with doing nothing further than determining whether the complainant had sustained such burden.
 

 This conception of his duty in the premises erroneous. If the plaintiff had the capacity to invoke by complaint the performance of a duty imposed by law upon the superintendent of insurance, his complaint at least amounted to notice to the superintendent of insurance that the insurance companies writing such insurance had, in co-operation with the Ohio inspection bureau, entered into an unlawful agreement to fix farm fire insurance rates.
 

 It is our opinion that the various sections of the General Code defining the powers and duties of the’ superintendent of insurance are
 
 in pari materia,
 
 and that it is the duty of the superintendent of insurance, and of this court; not only to so construe them as to give force to all, but also that recourse may be had to the several sections for the purpose of arriving at a correct interpretation of any one of such sections.
 

 In Section 617 it is provided:
 

 “When violation of a law relating to insurance is reported to him, he shall take or cause to be taken the testimony under oath of any and all persons supposed to have knowledge of such violation, and cause such testimony to be reduced to writing.”
 

 
 *66
 
 By this provision any person, natural or artificial, can invoke the performance of duty by the superintendent of insurance.
 

 Section 9592-14 provides:
 

 “The superintendent of insurance may, after due notice and hearing, upon complaint or upon his own motion, make an order disapproving any such agreement. ”
 

 That it was the intention of the legislature by the latter provision to vest the superintendent of insurance with power to prevent any agreement having the effect of fixing rates from becoming operative is apparent. That the power so vested is not to be exercised arbitrarily , appears from the provisions for notice, hearing, and review. That the words “upon complaint” have some significance appears from their use in the disjunctive with the words ‘ ‘ or upon his own motion.” There is nothing in the context to require any special qualification of persons who may make such complaint, unless it is in the provision with reference to review of the action of the superintendent of insurance after hearing, which provision confers the right to such review upon “any person in interest.”
 

 The right to review, however, must be predicated. upon action already taken, and, in accordance with general practice, that right only inures to parties to the proceeding sought to be reviewed.' The proceedings here contemplated being an investigation by the superintendent of insurance of the transactions of the insurance companies and a rate-making bureau, the complainant is not strictly speaking a “patty” to such proceeding; the parties being the superintendent of insurance, the insurance compa
 
 *67
 
 nies, and the rate-making bureau. Hence the use of the words “any person in interest,” as distinguished from the words “any party in interest,” of Section 11 (9592-11), throws no light upon the subject of who may complain.
 

 The legislature not having prescribed any qualification of persons entitled to complain, or any limitation of capacity to complain, we are constrained to hold that complaint may be made by any person affected by such an agreement or combination. The complaint is of a rating bureau by name, of all insurance companies subscribing thereto writing fire insurance on farm property, located in Ohio, and states the effective date of the rate. While the complaint would not be sufficiently definite and certain to apprise any one else of the particular agreement or combination complained of, or the particular companies complained of, as to the superintendent of insurance, by reason of the requirements of Section 9592-13, General Code, it was. certain and definite both as to rate and agreement or combination complained of, and as to the insurance companies involved.
 

 The troublesome question in this case, however, is the extent to which the activities of the superintendent of insurance may be directed and controlled by informations and complaints lodged in his office. When the legislature enacted Section 617, and after-wards Section 9592-14,
 
 Qeneral
 
 Code, it could not have been its intention to make of the superintendent of insurance an automaton that could be put in motion at the whim or caprice of every person who might desire to see him in action, but rather it intended that he should be a useful servant of the
 
 *68
 
 public, an agency through whom the law relating to insurance could be effectively enforced, and the business, because of its public-character, regulated. And, to the end that he might more effectively accomplish such purpose, it provided that persons might come to him do inform and to complain, and defined his duties in such events. The element of reasonableness and good faith in all such information and complaint must necessarily be present, and, when present, the information or complaint invokes the performance of a mandatory duty by the superintendent of insurance.
 

 In the instant case the simultaneous advance of rates by a number of companies from rates theretofore existing was so substantial as to relieve the complainant from any suspicion of bad faith or raise any question as to the reasonableness of his request for an investigation. Upon its receipt, if not theretofore upon his own motion, it became the duty of the superintendent of insurance to serve the notices provided by statute, to institute and conduct the investigation, to avail himself of the powers invested in him by law and of the assistance afforded him by law, to make a transcript of such investigation, and, after ascertaining by such investigation from all sources available to his department the pertinent and necessary data and information, to make an order based upon such data and information, approving or disapproving the agreement or combination fixing the rates and approving or disapproving the same.
 

 The order of the superintendent of insurance is reversed, and this cause is remanded to the super
 
 *69
 
 intendent of insurance for an investigation and an order in accordance herewith.
 

 Petition in error dismissed in case No. 20727.
 

 Order reversed in case No. 20783.
 

 Marshall, C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur..