Day, J.
By this demurrer the parties seek a determination of the paramount question in this case, which is whether or not the Commission had power to take the money which it paid upon an order for the additional award and apply the same on the amount to be paid on the original award, after finding that such additional award was erroneously made. This we think was within the jurisdiction of the Commission and within its control and discretion, as authorized by Section 1465-86, General Code, which reads as follows:
“The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. ’ ’
While the original award and the additional award are separate and distinct, they grow out of the same accident, to the same individual, and the proceeds of the allowances made by the state go to the same beneficiaries. These amounts are interdependent, for the additional award can only be made for the violation of a specific requirement and must rest upon the foundation of an original award. There is such a close relation between the two sums that, under the section of the statutes above quoted, the Commission may use its discretion to carry out its judgment in the premises, as authorized by Section 1465-86. This control over its former findings and orders this court has repeatedly recognized. Industrial Commission v. Dell, Exrx., 104 Ohio St., 389, 135 N. E., 669, 34 A. L. R., 422; State, ex rel. Crawford, Exr., v. Industrial Commission, 110 Ohio St., 271, 143 N. E., 574. We do not regard the case *317 of Slatmeyer v. Industrial Commission, 115 Ohio St., 654, 155 N. E., 484, as authority for the position that an order may not be made affecting both awards. The case of Cavalek v. Industrial Commission, 100 Ohio St., 399, 126 N. E., 317, is distinguishable on the facts.
The beneficiaries are not required to pay any sum back to the state, but are simply being paid in a different manner than as first awarded for the death claim. The full amount of the death claim will be duly paid, and we see no invasion of the rights of the relatrix in the premises if it be established that an additional award is not legally payable.
The remaining question is whether this change by the Commission of its former order, without notice to the relatrix, as averred in the petition, invalidates the same. We are advised by brief of counsel for the Commission that in the event of an answer being filed an issue would be tendered upon this question of notice; but, the matter being under consideration upon demurrer, we must take the averments of the petition as we find them and assume that no notice was given to the relatrix prior to the change.
The petition does not show that after the change was made any application for a rehearing upon that point was made to the Commission by the relatrix, but that at once this action in mandamus was commenced. The General Code makes no provision for a notice to the beneficiaries in a situation such as is presented by the petition, although Sections 871-10, 871-22 and 1465-44, General Code, provide that the Commission may adopt reasonable and proper rules governing its procedure, regulate and provide for the kind and character of notice, etc. The Commis *318 sion, pursuant to such power, has adopted rules with reference to practice before it as to added awards, and of such rules this court takes judicial notice. Rule 4 makes provision for notice, and this court does not approve making orders, such as in the case at bar, in violation of such rule. Said rule provides:
“Application for rehearing may be filed by either party within thirty days from the date of the order and finding of the Commission complained of, provided there is filed with such application for a rehearing, all new and additional proof not previously considered by the Commission and relied upon by the applicant in support of his application for a rehearing. Upon the filing of such application the Chief, Division of Workmen’s Compensation, shall fix a time and place for hearing the same, notifying both parties thereof. Upon the hearing of the application for rehearing, if it appears to the Commission that substantial justice has not been done to the party, a rehearing will be granted and the parties will be notified of the time and place of such rehearing. If, upon the hearing of said application for rehearing, the Commission is of the opinion that substantial justice was done the parties at the original hearing, the application for rehearing will be denied.”
Assuming the notice of the meeting of June 29th not to have been given, is the relatrix entitled to the relief sought upon that ground alone? By this action in mandamus the relatrix seeks not only to continue the payments for the death award without any deduction for the alleged overpayments, but that the Commission continue to pay the $5.621/2 per week on the additional award until the full amount of $1,950 shall have been paid.
*319 There is nothing in the petition -which shows that the finding of the Commission on June 29th, that there was no violation of a specific requirement by the employer, is not correct; so that the mandamus seeks to compel the employer to pay a penalty under an award which, in the judgment of the Commission in the exercise of its jurisdiction as to findings of fact, is not sustained by the evidence.
This right to correct an error which the Commission found that it had made and to credit the payments erroneously made on such additional award upon the death claim is the crucial question to be solved. The court is of opinion that such action was within the jurisdiction of the Commission, but that due notice of such hearing should have been given the relatrix. However, the failure so to do is not to be regarded as a ground alone for issuing the writ of mandamus. By availing herself of the provisions of rule 4 as to rehearings, relatrix might have secured a reconsideration of the order of June 29th and have thus regained anything she may have lost by lack of notice.
It is well established that a party seeking relief by mandamus must first show a clear right to the relief sought, and that the act to be enforced is one of absolute obligation, and that no adequate remedy at law exists. State, ex rel. Baen, v. Yeatman, Auditor, 22 Ohio St., 546; State, ex rel. Gallinger et al., v. Smith, Auditor, 71 Ohio St., 13, 72 N. E., 300; State, ex rel. Van Harlingen, v. Board of Education, 104 Ohio St., 360, 136 N. E., 196; 38 Corpus Juris, 550, paragraph 20. This principle is so well established as not to require citation of many authorities.
In view of the liberal practice before the Commis *320 sion, opportunity for a rehearing and reconsideration was open to the relatrix. She must have had full knowledge of the order of June 29th within the 30 days, as provided by rule 4, and she might have secured a rehearing, for the jurat of the petition in mandamus was signed by her on July 26th; so that, instead of beginning an action in mandamus in this court, she should have first exhausted her remedies before the Commission.
We are of opinion that the petition does not show a clear right entitling the plaintiff to the extraordinary remedy of mandamus, and the demurrer for that reason must he sustained.

Demurrer sustained and writ denied.

Marshall, C. J., Kinkade and Matthias, JJ., concur.
Robinson and J ones, J J., not participating.