Matthias, J.
The action of the Industrial Commission in denying further compensation is based upon the provisions of Section 1465-86, General Code, as amended in 1931. (114 Ohio Laws, 38), which amend *345 ment became effective July 8, of that year. The portion thereof pertinent to this inquiry is as follows:
“The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. Provided, however, that no such modification or change or any finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability, compensation, dependency or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation ever has been awarded.”
It is to be observed that this provision relates to the continuing jurisdiction of the commission, and places an express limitation of ten years thereon, under the conditions stated. Under the clear provisions of this amended statute the jurisdiction of the commission with reference to such claims terminates ten years after the last payment of compensation, or ten years after the injury in cases in which no compensation had been awarded.
It is claimed that the recognition of relator’s injury as compensable, and the allowance of his application for award, gave him a vested right to compensation for such impairment of his earnings as developed from his injury, which right cannot be impaired or affected by subsequent legislation. It is urged that if the amended section is remedial in character, and is construed as a statute of limitations, it does not provide a reasonable length of time within which to file a supplemental application prior to its effective date, and would therefore be unconstitutional; and further that the statute would not be of uniform operation as applied to all claimants coming under the same classification. It is further urged that under the statute all *346 the Industrial Commission could do upon the hearing of plaintiff’s original claim was to determine whether he was entitled to participate in the state insurance fund, and that when it found in the affirmative he thereby became vested with the right to such compensation as would appear due him in the future for actual impairment of his wages resulting from such injury, and that that could not be ascertained until a time when he would actually sustain such impairment. Prior to the amendment involved in this action there was in the statute no prescribed limitation except as to the time of filing the original claim for benefits. The only limitation prescribed for impairment was in the gross maximum sum specified. There is no question of statutory construction or interpretation presented. The language of the amended statute is clear. The only question presented is whether the amended statute is valid in so far as it affects claims filed prior to its enactment.
The provisions of Section 26 of the General Code that pending proceedings are not affected by statutory amendments unless so expressly provided cannot possibly have any application here, for the ten-year limitation of Section 1465-86, General Code, is by clear and concise language made applicable to “any claim whether filed heretofore or hereafter.” The precise contention then of each of the several relators is that by reason of the unlimited jurisdiction of the Industrial Commission under the original provisions of Section 1465-86, General Code, he could' reassert his claim for compensation throughout an indefinite period of time upon the development of any disability or impairment which could be connected with or traced to the injury upon which the initial claim was based, and that such provision creates in him a vested right which no statute can divest or modify.
This contention loses sight entirely of the nature of the right involved. It is not a common-law right, *347 but one solely of statutory creation under authority of Section 35, of Article II of the state Constitution. The award made pursuant to the statute had no relation to common-law negligence. Southern Pacific Co. v. Jensen, 244 U. S., 205, 37 S. Ct., 524, 61 L. Ed., 1086, L. R. A., 1918C, 451, Ann. Cas., 1917E, 900; Zajachuck v. Willard Storage Battery Co., 106 Ohio St., 538, 140 N. E., 405; State, ex rel. Crawford, Exr., v. Industrial Commission, 110 Ohio St., 271, 143 N. E., 574.
In the course of the opinion in the first case cited, the court say: “The remedy which the compensation Statute attempts to give is of a character wholly unknown to the common law, incapable of enforcement by the ordinary processes of any court * * In the last case cited this court held the commission was authorized to revoke an award, and that unpaid installments thereof should not go to the personal representative of a dependent who died before all the installments of said award had been paid. In the course of the opinion, by Marshall, C. J., language is used which is quite pertinent here: “Workmen’s compensation administration is not circumscribed by the limitations which usually attach to the finality of judgments rendered by courts, because its orders are clearly recognized as purely administrative, and not judicial, and full power and authority is conferred to make modifications and changes with respect to former findings or orders as in the opinion of the commission may be justified. Section 1465-86, General Code. ’ ’
The jurisdiction of the Industrial Commission is continuing only because the statute made it so. It could have been originally provided otherwise. It could have been made to continue for a stated period. The authority, having been conferred by statute, may by it be modified or withdrawn.
The award made by the Industrial Commission is in each instance based upon the disability shown to *348 have resulted from the injury sustained. To take care of probable future contingencies — a recurrence of disability or subsequent impairment due to the injury — authority was conferred upon the commission to take cognizance thereof. The right of claimant could at best be but a contingent right subject to change or modifications by statute. The Constitution itself, in authorizing the passage of laws establishing the fund for such compensation, directs that it shall be ‘ ‘ administered by the state, determining the terms and conditions upon which payment shall be made therefrom.” Article II, Section 35. This power clearly granted by the Constitution is not modified or restricted by any other provision.
The fact that an application for modification of award had been filed, and was pending, at the time of the passage of the amended section, does not affect the question. Whatever rights existed were by virtue of the statute and were the same whether an application, for which the statute makes no provision, was or was not filed.
The provisions of the amended statute are fully and clearly authorized by the Constitution itself, and are therefore valid and enforceable. The demurrers in cases Nos. 23240, 23281 and 23348 are sustained, and in case No. 23203 a judgment is rendered against the relator upon the stipulated facts. In each case the writ of mandamus prayed for is denied.

Writs denied.

Marshall, C. J., Jorras, Day, AlleN, Kihkade and Stephehsoh, JJ., concur.