The sole question to be determined in the instant case is whether under the provisions of Section 1465-74, General Code, the Industrial Commission is under any duty to pay an award made by it to a dependent of a killed employee of an employer who has not complied with the workmen's compensation law, unless and until the Attorney General has obtained a judgment against such employer on such award.
Prior to 1931 the last paragraph of Section 1465-74, General Code (111 Ohio Laws, 222), read as follows:
"The payment of any judgment recovered in the manner provided herein shall entitle such claimant to the compensation provided by this act for such injury, occupational disease or death. The Attorney General shall, as soon as the circumstances warrant, and not more than two years after the date of such award made by the commission, certify to the commission the result of his efforts to recoup the state insurance fund as herein provided,and if he certifies that such award cannot be collected inwhole, the award shall be paid from the surplus created bySection 1465-54, and any sum then or thereafter recovered onaccount of such award shall be paid to the commission andcredited to such fund as the commission may designate." (Italics ours.)
Under the statute, as it then existed, an injured employee or the dependent of a killed employee could compel payment of the award made by the commission upon the payment of any judgment recovered from the employer in the manner provided in Section 1465-74, General Code, or upon the certification by the Attorney General to the commission that the award could not be collected in whole; but in any event the *Page 240 
claimant could compel payment of such award upon the lapse of two years after the date of the award by the commission, irrespective of the lack of certification by the Attorney General. In other words, the payment of the award was not then dependent upon securing a judgment against the noncomplying employer based upon the award of the commission. Consequently, it must be conceded that, under the statute as it then existed, the relators in the instant case would be entitled to require the payment of the award made by the commission in their favor.
However, Section 1465-74, General Code, was amended, effective July 9, 1931 (114 Ohio Laws, 31), and, as amended, the last paragraph of the section, now applicable to the award made by the commission in favor of the relators, is as follows:
"A final judgment against the employer recovered in themanner provided herein shall entitle such claimant to thecompensation provided by this act for such injury, occupationaldisease or death and such compensation shall be paid from thesurplus created by Section 1465-54, and any sum then orthereafter recovered on account of such judgment shall be paidto the commission and credited to such fund as the commissionmay designate." (Italics ours.)
The relators claim that the amendment of the statute did not substantially change it and that a final judgment against the employer of their decedent is not a condition precedent to their right to have their award paid out of the surplus fund. They rely upon certain statements made by this court in opinions rendered prior to the amendment of the statute in 1931, in the cases of State, ex rel. Davis, v. IndustrialCommission, 118 Ohio St. 340, 161 N.E. 32; State, ex rel.Thompson, v. Industrial Commission, 121 Ohio St. 17,166 N.E. 806; and State, ex rel. Kilgore, v. IndustrialCommission, 123 Ohio St. 164, 174 N.E. 345. *Page 241 
In the case of State, ex rel. Thompson, v. IndustrialCommission, supra, Judge Jones, in the course of his opinion, said:
"The duty of ascertaining who the employers are who neglect to pay their premiums, or who fail to comply with the workmen's compensation law, rests upon the state; the fines imposed upon noncomplying employers are paid into the state insurance fund; and if the state fails to collect premiums from, or fails to fix the liability upon, the real employer, such failure does not deprive an injured employee from recovering the award after the commission's determination of the jurisdictional facts in the applicant's favor, including the fact that the applicant was in the service of an employer employing five or more workmen under the statute then in force."
Undoubtedly, the court correctly interpreted the statute as then in force, but it is the view of the court that the amendment of 1931 radically changed the provisions of the statute and made the recovery of a final judgment against the employer a condition precedent to the right of payment of the award to the claimant. As the statute now stands, the Industrial Commission is under no duty to pay an award made by it to a dependent of a killed employee of an employer who has not complied with the provisions of the Workmen's Compensation Act, until the Industrial Commission has obtained a judgment against such employer.
This interpretation is in harmony with the general scheme of the workmen's compensation law. The complying employer who pays into the insurance fund is relieved of further liability for compensation awards for injury to or death of his employees. The Industrial Commission alone determines the compensability of claims against him since the commission pays the award from the insurance fund. The employer is not *Page 242 
directly interested in the allowance of claims and is denied recourse to the courts on appeal.
In the case of a noncomplying employer the claimant has an option to sue the employer at law or to file a claim with the Industrial Commission for an award against such employer. In case the claimant pursues the latter course, the noncomplying employer is made prima facie liable under the law for the full amount of the award made against him by the commission. But, since the noncomplying employer is obliged to pay only valid awards made by the commission against him, he may resist payment and is entitled to his day in court on the validity of the award. He has his day in court when suit is instituted by the Attorney General against him to collect the award already made. The suit operates in lieu of an appeal from the finding of the commission. If judgment is found against him, the claimant's right to compensation is confirmed, and the award is ultimately paid by the commission regardless of whether the commission is able to enforce the judgment against the noncomplying employer and recoup the fund. But if judgment is in favor of the employer it is thereby determined that the claimant, through the Attorney General on appeal as it were from the award made by the commission, has not established one or more of the essential elements of claimant's claim, including the fact that he was an employee of the noncomplying employer at the time of his injury, that the employer regularly employed three or more workmen, or that claimant's injury was received in the course of and arose out of such employment.
In other words, if the award of the commission to the claimant is not established against the employer, then the claimant fails on the merits, there is an adjudication that the claimant is not entitled to compensation *Page 243 
and there is no liability against either the employer or the surplus fund.
The answer of Baynes in the original suit against him in Hamilton county by the Attorney General alleged that Baynes was not the employer of three or more workmen and was, therefore, not subject to the workmen's compensation law; and that James Long, Jr., received no injury and did not die by reason of any accident arising out of the employment of him by the defendant. Those issues were presented to the jury. The record does not contain the testimony presented by the defendant in that suit, and in the absence of such evidence it must be presumed that the jury was justified in rendering a verdict in his favor on those issues.
It is the view of this court that as a result of the judgment obtained, not by the Attorney General but by the defendant Baynes in the suit above mentioned, the relators cannot maintain this action and the writ is therefore denied.
Writ denied.
WEYGANDT, C.J., ZIMMERMAN, TURNER and MATTHIAS, JJ., concur.
BELL and WILLIAMS, JJ., dissent.