THE SUEZ CO., APPELLANT, v. YOUNG, ADMR., ET AL., APPELLEES.*

(No. 5697—Decided May 6, 1963.)

*Motion to certify the record overruled (38281), December 11, 1963.

*Messrs. Hood, Howard & Howard,* for appellant.
*Messrs. Burgess & Callahan,* for appellee John J. Greene.

SMITH, J. This is an appeal on questions of law from the order of the Common Pleas Court granting a motion of plaintiff-appellee to dismiss the notice of appeal of appellant-employer to said court from the order and decision entered by the Toledo Regional Board of Review upon which the Industrial Commission of Ohio refused an appeal, such notice having been mailed to the commission and received by the employer.

The error assigned is the granting of the motion upon which the court dismissed the appeal. The motion reads as follows:

"Now comes John J. Greene, appellee herein, appearing specially for the purpose of this motion and not submitting himself to the jurisdiction of this court, and moves the court to dismiss the appeal filed herein by The Suez Company for the reason that The Suez Company is an employer who has not complied with the Workmen's Compensation Act of Ohio and is therefore not entitled to appeal under the provisions under Section 4123.519, Revised Code of Ohio, as amended."

The journal entry of the Common Pleas Court is as follows:

"The court, being duly advised in the premises and after considering the memoranda submitted by counsel, finds that The Suez Company, appellant herein, was at the time of the alleged injury to appellee John J. Greene, an employer amenable to the provisions of the Workmen's Compensation Act of Ohio and that said employer failed to comply with the provisions of said Act and was, therefore, a noncomplying employer within the meaning of said Act.

"The court further finds that it is without jurisdiction to consider the appeal of a noncomplying employer under Section 4123.519, Ohio Revised Code, and that appellee's motion is well taken and should be granted.

"It is therefore, ordered, adjudged and decreed that the motion of appellee, John J. Greene, be and hereby is granted, and that the appeal be, and hereby is dismissed."

While a bill of exceptions was not filed in this case, appellant, employer, contends first that there is nothing in the record as submitted to this court of any evidence before the lower court upon which it could make a finding that appellant was a noncomplying employer under the provisions of the Workmen's Compensation Act of Ohio, and, second, that even though a trial court had evidence upon which to find appellant to be a noncomplying employer under the Workmen's Compensation Act, Section 4123.519 of the Revised Code affords a noncomplying employer a right to appeal to the Common Pleas Court.

The first contention of the appellant is not well taken for the reason that this court will presume that the trial court heard and considered evidence before rendering judgment, if such presumption is necessary to sustain the judgment and is not necessarily excluded by the record, because, in the absence of a bill of exceptions, it has been held to be a general rule that if there is a state of facts which will sustain the judgment it will be conclusively presumed by a reviewing court that evidence of such state of facts was before the trial court, and, as in this case, where the existence thereof is not negatived by findings incorporated in the entry of the judgment. 3 Ohio Jurisprudence (2d), 684-685; *Haskins* v. *Alcott & Horton*, 13 Ohio St., 210, 219; *Dallas* v. *Ferneau*, 25 Ohio St., 635, 638; *Lingler* v. *Wesco, Admr.*, 79 Ohio St., 225, 242.

In *Galley* v. *Galley*, 13 C. C. (N. S.), 522, 23 C. D., 161, it is held that where a cause is submitted to the court, a finding made and judgment rendered, it will be presumed that evidence was offered in support of such findings although the judgment entry contains no recital that the cause was heard upon the evidence. There is an absence in this case upon the record of anything of which the reviewing court may take judicial notice that no hearing was had or evidence taken by the trial judge as to the fact of the appellant being a noncomplying employer. See *Strain* v. *Isaacs*, 59 Ohio App., 495. The nature of the proceeding and the circumstances shown by the record in the case of *Brown* v. *Lamb*, 112 Ohio App., 116, cited by appellant are not applicable to the record in this case before this court.

The second main contention of appellant is that Section 4123.519, Revised Code, provides for an appeal to the Common

Pleas Court by an employer amenable thereto and who has failed to comply with the provisions of the Workmen's Compensation Act. We are required, therefore, to consider the composite act in construing the provisions of that section, the pertinent parts of which read as follows:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted * * *. Like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal to the commission provided, however, that the claimant may take an appeal from a decision of the administrator on application for reconsideration or from the decision of a regional board * * *. The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action * * *. An appeal from a decision of the commission in which an award of compensation has been made shall not stay the payment of compensation under such an award or payment of compensation for subsequent periods of total disability during the pendency of the appeal * * *."

The Workmen's Compensation Act has long been recognized as a comprehensive law in its entirety to provide compensation to injured workmen in the course of their employment, founded upon wise, beneficent and humanitarian principles in creating a fund for that purpose in the nature of insurance. By Section 4123.35, Revised Code, employers who have three or more employees are required to comply therewith and certain sections circumscribe the status of the noncomplying employer with sanctions, restrictions and penalties specifically and categorically prescribed. The Act in its various sections, being *in pari materia*, must be construed together to arrive at an interpretation of the intention of the Legislature. *State, ex rel. Crawford, Exr.,* v. *Industrial Commission*, 110 Ohio St., 271, 280.

Section 4123.77, Revised Code, provides that employers, as defined by Section 4123.01, Revised Code, failing to comply

with Section 4123.35 of the Revised Code are not entitled to the benefits of Sections 4123.01 to 4123.94, inclusive, of the Revised Code, during the period of such noncompliance and are liable to the employee in an action for injury in which the employer is deprived of the common-law defenses of fellow-servant rule, assumption of risk and contributory negligence, and are also subject to Sections 4123.37 and 4123.75, Revised Code.

Section 4123.37, Revised Code, in the main provides that the amenable noncomplying employer, after notice from the Industrial Commission that it has determined the period of time for compliance, shall, within 20 days thereof, furnish the Industrial Commission with the payroll covering such period and such employer shall pay into the State Insurance Fund the amount of the premium applicable to such payroll. The penalty for not complying with these steps is an assessment by the Industrial Commission of the amount of the premium to be paid. If, after notice to the employer of the assessment, he fails to file with the commission within 20 days of receipt thereof a petition setting up objection to the items of the assessment, the assessment shall become conclusive and due and payable to the State Insurance Fund. Further provisions are made in the event a petition is filed by the employer. In the event no petition is filed or finding made after petition filed, ''a certified copy of the assessment as affirmed or modified may be filed by the Industrial Commission in the office of the clerk of the Court of Common Pleas in any county in which the employer has property or in which the employer has a place of business. The clerk, immediately upon the filing of such assessment, shall enter a judgment for the state against the employer in the amount shown on the assessment.''

Section 4123.75, Revised Code, gives the injured employee of a noncomplying employer the right to make application directly to the Industrial Commission and have his claim heard and determined. Any compensation awarded by the commission is on the basis as if the employer had complied with the act. ''If the employer fails to pay such compensation to the person entitled thereto, or fails to furnish such bond, within a period of ten days after notification of such award, the award

shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the commission, and the commission shall certify the same to the Attorney General who shall forthwith institute a civil action against such employer in the name of the state for the collection of such award.''

In the action by the state, the certified copy of the commission's proceedings is prima facie evidence as to the pertinent facts. This provision in effect places a burden on the defendant employer to rebut the findings of the commission. In such action, answer or demurrer to the petition shall be filed within ten days and when the issues are made up it is further provided the case shall be placed at the head of the trial docket and shall be first in order of trial. This action may be joined with the cause of action provided by Section 4123.37, Revised Code. The amount recovered shall be paid into the State Insurance Fund. Thereupon, the claimant is entitled to the compensation provided in Sections 4123.01 to 4123.94, Revised Code, which shall be paid from the surplus created by Section 4123.34, Revised Code, and any sum recovered on account of such judgment shall be paid to the commission and credited to such fund as the commission designates.

Section 4123.76, Revised Code, provides that when the employee of a noncomplying employer files an application for compensation with the commission, the commission shall make and file for record in the office of the county recorder in the counties where such employer's property is located an affidavit showing the date on which the application was filed, and the name and address of the employer against whom it is filed. Such affidavit shall be accepted and filed and be recorded as a mortgage on real estate and also as a chattel mortgage. The affidavit so filed constitutes a valid lien in favor of the commission upon real estate and tangible personal property of the noncomplying employer.

An examination of the statute as a whole demonstrates the intention of the Legislature with respect to the statutory status of a noncomplying employer. The provisions of Section 4123.75 and 4123.77, Revised Code, are particularly illuminating in that the employer who fails to comply with Section

4123.35, Revised Code, is not entitled to the benefits of the Act and that where the employee makes application to the commission for a determination of his claim and such a determination is made it "shall constitute a liquidated claim for damages," which is certified to the Attorney General of the state of Ohio, "who shall forthwith initiate a civil action against the employer."

At this juncture the Legislature could have logically provided for an appeal to the Common Pleas Court by the noncomplying employer if it intended to give such right of appeal. But in lieu thereof such employer, in the prompt action as required of the Attorney General, is given full opportunity to contest the findings of the commission in the civil action. In *State, ex rel. Long,* v. *Industrial Commission,* 147 Ohio St., 237, at page 242 in the opinion by Hart, J., it is said:

"But, since the noncomplying employer is obliged to pay only valid awards made by the commission against him, he may resist payment and is entitled to his day in court on the validity of the award. He has his day in court when suit is instituted by the Attorney General against him to collect the award already made. The suit operates in lieu of an appeal from the finding of the commission. If judgment is found against him, the claimant's right to compensation is confirmed, and the award is ultimately paid by the commission regardless of whether the commission is able to enforce the judgment against the noncomplying employer and recoup the fund. But if judgment is in favor of the employer it is thereby determined that the claimant, through the Attorney General on appeal as it were from the award made by the commission, has not established one or more of the essential elements of claimant's claim, including the fact that he was an employee of the noncomplying employer at the time of his injury, that the employer regularly employed three or more workmen, or that claimant's injury was received in the course of and arose out of such employment."

*State, ex rel. Herbert, Atty. Genl.,* v. *Whims,* 68 Ohio App., 39, appeal dismissed, 139 Ohio St., 137; *Ohio* v. *Chattanooga Boiler & Tank Co.,* 289 U. S., 439, 77 L. Ed., 1307. It seems clear that the Legislature did not intend to afford a noncom-

plying employer two simultaneous proceedings for reviewing the same findings of the commission or regional board. The complying employer is entitled to only one review.

Furthermore, the language of Section 4123.519, Revised Code, indicates that only the complying employer is given the right to appeal, to wit, "An appeal from a decision of the commission in which an award of compensation has been made shall not stay the payment of compensation under such an award of payment of compensation for subsequent periods of total disability during the pendency of the appeal." In *State, ex rel. Federated Department Stores, Inc.,* v. *Brown,* 165 Ohio St., 521, involving said section, in the opinion on page 525 it is said: "Thus, it seems clear that the appeal contemplated from either the board or the commission is one in which the sole question for the court, or a jury if demanded, is the determination of the right of the claimant to participate or to continue to participate in the State Insurance Fund, upon evidence adduced at the hearing in the court." The commission is not authorized to pay benefits from the fund to an injured employee of a noncomplying employer until judgment against the noncomplying employer is obtained under Section 4123.75, Revised Code, which provides: "A final judgment against the employer recovered in the manner provided in this section entitles such claimant to the compensation provided in Sections 4123.01 to 4123.94, inclusive." There is no provision for payment out of the State Insurance Fund to an injured employee of a noncomplying employer pending such alleged right to appeal.

A construction of the cognate sections is not warranted which would result in a patent inconsistency by permitting a noncomplying employer to appeal a determination in favor of the employer when pending such appeal the injured employee is not afforded payments and is compelled to assume the burden of the appeal. Furthermore, it is provided that "state risk employers" and "self-insurers" may be reimbursed for benefits paid during pendency of appeal, and in any event the commission cannot order benefits paid from the fund but can only order the noncomplying employer to pay the benefits.

The established law of statutory construction applicable in this case supports our conclusion. The primary and para-

mount rule in the construction of statutes is to arrive at and to determine, declare and give effect to the intention of the Legislature. Since the ultimate function of construction is given only when the intention of the General Assembly is ascertained, this intention, it is held, is to be gathered from the provisions enacted. The entire enactment should be considered in determining the spirit or meaning, and intent must be gathered from the entire statute. 50 Ohio Jurisprudence (2d), 129, 140. Sections and acts *in pari materia*, that is, "in relation to the same matter, subject or object," should be construed together. Stated differently, it is the rule that statutes relating to the same or similar subject matter or subject of law should, where a case calling for the application of both is presented, be read together as if they were a single statute, and both should be reconciled, harmonized, and made to apply, and give meaning and effect, so as to render their contents operative and valid. Thus the various statutory provisions affecting a particular subject should be construed and applied so as to accomplish the manifest purpose of their enactment and give full force and effect to the legislative intent. 50 Ohio Jurisprudence (2d), 189-191.

Statutes or sections of statutes which expressly refer to each other or by implication relate to each other or which relate to the same person or to the same class of persons or things, or to the same subject or object may be regarded as *in pari materia*, as many statutes which relate to similar things, subjects or objects. Sections have been considered *in pari materia* which are parts of the same law or act. 50 Ohio Jurisprudence (2d), 192-194. See *State, ex rel., Crawford, Exr., v. Industrial Commission, supra* (110 Ohio St., 271) (Workmen's Compensation Act); *State v. Smith*, 123 Ohio St., 237 (referring to the criminal code); *State, ex rel. Greisinger, v. Grand Rapids Board of Education*, 88 Ohio App., 364 (relating to authority of Board of Education); *Smith v. Ray, Supt. of Public Instruction*, 83 Ohio App., 61 (relating to organization of school districts); *Brand v. Safford, Supt. of Ins.*, 118 Ohio St., 56 (relating to powers and duties of the superintendent of insurance); *State, ex rel. Darby, v. Hadaway*, 113 Ohio St., 658. Under the rule that statutes or sections *in pari materia* are to be con-

sidered together, recourse may be had to the several sections or statutes for the purpose of arriving at a correct interpretation of any particular one.

Accordingly, in interpreting an ambiguous statute the entire legislation on the subject at the time is a matter competent for consideration. Indeed, if on the face of a statute there is doubt as to its meaning, and the doubt can be removed and the intent gathered by reference to cognate provisions, it is the duty of the courts to use them in aid of construction to learn and carry out the legislative intent. 50 Ohio Jurisprudence (2d), 197.

Consistency in statutes is of prime importance and it is the duty of the court to attempt to harmonize and reconcile the law. 50 Ohio Jurisprudence (2d), 210. Moreover, a construction of a statute which destroys the consistency thereof is to be avoided. The statute should, if possible, be so construed that its different parts are in harmony and it is a consistent and harmonious whole in subservience to a common policy. 50 Ohio Jurisprudence (2d), 211. See *Southern Surety Co.* v. *Standard Slag Co.*, 117 Ohio St., 512, 517.

In construing a statute courts frequently refer to its ''design'' or to that which is ''designed'' to be accomplished by it. Courts interpreting statutes have also referred to the system or scheme of the Legislature. They should be construed so as to harmonize to the general tenor or support of the system unless a different purpose is plainly shown. 50 Ohio Jurisprudence (2d), 233 and 234. See *City of Cincinnati* v. *Oliver*, 31 Ohio St., 371, 377; *State* v. *Rouch*, 47 Ohio St., 478, where, in the opinion, at page 485, it is said: ''In giving construction to a statute all its provisions must be considered together. We must endeavor to get at the legislative intent by a consideration of all that has been said in the law, and not content ourselves with partial views, by selecting isolated passages, and holding them alone up to criticism. What is the whole scheme of the law? What object did the Legislature intend to accomplish?'' *State* v. *Van Gunten*, 84 Ohio St., 172.

Thus to hold that a noncomplying employer has a right to appeal to the Common Pleas Court, as contended in this case, in light of the cognate sections of the Act to be considered *in*

*pari materia*, renders Section 4123.519, Revised Code, inconsistent, ambiguous, contrary to the general policy of the Act as to its object and purpose and not in harmony with its system, plan or scheme. It appears that this is a matter of first impression in the courts of Ohio.

The judgment of the Common Pleas Court dismissing the appeal of appellant employer to the Common Pleas Court from the order and decision of the Toledo Regional Board of Review is affirmed and the cause remanded to that court for execution for costs.

*Judgment affirmed.*

DEEDS, J., concurs.

FESS, J., dissents on the ground that the question presented is not what the General Assembly intended to enact, but what is the meaning of that which it did enact. *Slingluff* v. *Weaver*, 66 Ohio St., 621; *In re Torok*, 161 Ohio St., 585, 589.