By the Court.
 

 These cases are here for review under Section 9592-11, General Code, and the procedure in each seems to have been on principles announced in
 
 Brand
 
 v.
 
 Safford, Supt. of Ins.,
 
 118 Ohio St., 56, 160 N. E., 464.
 

 The Merchants’ Fire Insurance Company has been issuing a fire insurance policy for a term of five years, with a provision therein which enabled the insured to pay the premium yearly and terminate the policy at the end of any year. Under such a five-year policy the policyholder was in effect only insured for one year at a time, but in this way paid a,less rate per year than an insured who took out a one-year contract of insurance. At the same time the insurance company issued policies for a five-year term that had the same rate for five years as the five-year contract referred to above, but the premium for the full term was pay
 
 *83
 
 able in advance and tbe contract was effective for tbe full term.
 

 The General Insurance Company of America was issuing similar policies but somewhat differently worded.
 

 Some time prior to April 16, 1935, there were “special deviation filings” covering such long-term contracts.
 

 On the date mentioned the Superintendent of Insurance made an order and finding that such filings ‘! result in a different annual rate for the same risk or similar risks in the same class, ’ ’ and that such deviation filings were contrary to the Bureau of Bating Law of Ohio (Section 9592-1
 
 et seq.,
 
 General Code) and especially in violation of Section. 9592-9, General Code, which provides that any deviation “shall be uniform in its application to all of the risks in the class for which the variation is made”; and all such filings were declared null and void.
 

 Notice of this order was given to each fire insurance company but policies then written were allowed to remain in force until the next anniversary date of their inception.
 

 The court holds that the deviation is not uniform, as required by Section 9592-9, General Code, and the fixing or charging of such rates constitutes a discrimination, within the meaning of Section 9592-8, General Code. The order of the Superintendent of Insurance was therefore strictly according to law.
 

 Orders affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Day and Zimmerman, JJ., concur.
 

 Jones, J., not participating.