## GENERAL INSURANCE COMPANY OF AMERICA v. HAM, STATE INSURANCE COMMISSIONER

(No. 1959; May 5, 1936; 57 Pac. (2d) 671)

For the appellant there was a brief by *James A. Greenwood,* Special Counsel, *Ray E. Lee,* Attorney General, *Thomas F. Shea,* Deputy Attorney General, and *Wm. C. Snow,* Assistant Attorney General, and oral argument by *Mr. Greenwood* and *Mr. Lee.*

528

For the respondent, there was a brief and the cause was argued orally by *R. J. Jackson* of Cheyenne and *Ralph S. Pierce* of Seattle, Washington.

BLUME, Justice.

This is an action for a declaratory judgment. We gather from the petition the following facts: Plaintiff, General Insurance Company of America, is a stock company duly organized and existing under the laws of the State of Washington relating to fire insurance companies; that the defendant Arthur J. Ham is the Insurance Commissioner of this state; that plaintiff has been and now is duly authorized to write policies of fire insurance in this state, and has a license to do so; that the articles of incorporation of the plaintiff, among other things, provide the following:

"The said company shall be operated as a stock insurance company and may issue policies upon both the participating plan and the non-participating plan. The Board of Directors of said company may from time to time distribute equitably to the holders of participating policies issued by said company such sum out of the earnings as in its judgment is proper, after setting aside from said earnings such sums for dividends to be paid stockholders and for surplus as the Board of Directors shall see fit. Such distribution of earnings may be made by an equitable apportionment to holders of participating policies issued by the company irrespective of the class and character of their risk or risks, or the Board of Directors may in its discretion classify the risks of the company according to the various hazards covered and distribute such earnings or any portion thereof to the holders of participating policies in each classification according to the experience of the company in such classes."

It appears further that plaintiff "is now prepared to issue policies insuring against the risk of loss by fire, its policies to carry the following endorsement or rider, to-wit:

"The Board of Directors, in accordance with Paragraph 7 of Article III, of the Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment is proper.

Attached to and forming a part of Policy No.............. issued by the GENERAL INSURANCE COMPANY OF AMERICA.

L. E. CROWE, Secretary.        H. K. DENT, President.

---

Authorized Agent."

It further appears from the petition that the Insurance Commissioner of this state has taken the position that plaintiff has no right to issue a policy providing for a participation in the earnings of the company, as provided by the rider hereinbefore mentioned; that the rider referred to was submitted to him on May 8, 1935,

but that he refused to permit it to be attached; that he threatened prosecution of plaintiff if it were done; that a controversy has arisen between plaintiff and the Insurance Commissioner, and that accordingly plaintiff desires to have the court declare as to whether or not the rider proposed to be attached to plaintiff's policies is or is not in violation of the laws of this state. Plaintiff also asked that the insurance commissioner be enjoined and restrained from cancelling or attempting to cancel the license heretofore granted to it.

The defendant demurred to the petition so filed, but this was overruled, and the defendant standing upon his demurrer, the court entered judgment declaring the rider heretofore mentioned to be legal, and enjoining and restraining the defendant from canceling or attempting to cancel the license granted to plaintiff or any of plaintiff's agents by reason of attaching the rider heretofore mentioned to any of its policies. From the judgment so entered the defendant has appealed to this court.

1. The plaintiff has filed herein a motion to dismiss the appeal for the reason "that the record on appeal in said case does not contain certified copies of the journal entries and of the judgment or order appealed from, as required by the laws of the State of Wyoming." The record before us contains what purport to be copies of the journal entries, including the judgment appealed from. They are preceded by the form regularly used in making journal entries, and the clerk of the district court has attached to the record his certificate as follows:

"I * * * do hereby certify that the attached and foregoing are all of the original papers and a full, true and complete transcript of all journal entries, including the judgment made and entered, in the Matter of the General Insurance Company of America, a Wash-

ington Corporation, plaintiff, v. Arthur J. Ham, as Insurance Commissioner of the State of Wyoming; that said original papers and transcript of journal entries constitute the record on appeal filed in my office on the 20th day of August, 1935, and the same is true and correct. Witness my hand," etc.

We think that the record before us and the certificate of the clerk, taken as a whole, sufficiently show the orders and judgment in the case and that they were actually entered of record. The showing in that respect, is wholly unlike that in Holliday v. Bundy, 42 Wyo. 61, 289 Pac. 1094. The pages of the record need not be necessarily shown. The date of entry is not in question, so we need not say anything on that point. The motion to dismiss is, accordingly overruled.

2. Plaintiff claims that it has the right to attach to or insert in its policies the regulation or rider above mentioned under the provisions of subd. 5 of section 57-218, Rev. St. 1931. That section prescribes the contents of a standard policy. But in subd. 5, supra, it further provides:

"If the policy be made by a mutual *or other* company having special regulations lawfully applicable to its organization, membership, policies or contracts of insurance, such regulations may, with the approval of the insurance commissioner, be written or printed upon, attached or appended to the policy upon the third page of such standard policy, but shall be preceded by the words 'this policy is issued by a mutual company having special regulation lawfully applicable to its organization, membership, policies or contracts of insurance of which the following shall apply to and form a part of this policy."

It may be noted that the latter part of this subdivision makes the whole of it applicable solely to mutual companies, and specifically requires the special regulation or rider to be preceded by the clause that "this policy is issued by a mutual company," etc. But the plaintiff does not want to attach that clause to its

policies, nor have the special regulation preceded thereby. It argues that it is not required to do so, since it is a stock and not a mutual company, and that the first part of the subdivision contemplates that a special regulation may be attached to a policy by a stock company, inasmuch as it provides that a mutual *"or other"* company ·may do so, and that consequently the last part of the clause cannot apply to it. Counsel argue that our laws relating to life insurance permit the issuance of participating and non-participating policies, and that the principle applies as well to fire insurance companies. That is, perhaps, partially true. But the trouble is that the legislature has not thought so, and the reason therefore may be that while science has conquered the terrible plagues and epidemics of the past, and has made human life more stable than it ever was before, science has not yet been able to devise a means against devasting conflagrations, and that in fact is recognized by the legislature in Section 57-217, Rev. St. 1931. Counsel also argue that every word of the statute must be given effect, if possible. That is true, but that cannot be done by wholly ignoring a whole sentence with many words, as counsel do when they ignore the whole of the latter part of the subdivision. That sentence is mandatory in form and we see no escape from it. If counsel's contention is correct, the subdivision contains a hopeless conflict, and we should, in that event, be constrained to declare the whole of it to be invalid. We think there is a way out. If the first part of the statute was meant to apply to mutual and stock companies—in other words to all insurance companies—the legislature could easily have so stated by leaving out the words "mutual or other," and inserting the word "any" in place thereof. But it did not do so, indicating some limitation as to the character of company to which the subdivision should apply. What could that limitation be? We can easily

discover that, if we look to the well-known doctrine of construction known as that of ejusdem generis, although that doctrine is ordinarily supplied only to general words which follow two or more specific terms. By that doctrine and by that alone may all parts of the subdivision be harmonized. Some mutual companies are called assessment companies. Some companies are wholly, some partially, mutual. Some provide that only one assessment, in addition to a definite premium, may be made; others that a number, or an unlimited number of assessments may be made. We think, accordingly, that the words "or other company" should be construed as meaning "or other like company," thus harmonizing all the provisions of the subdivision. It follows, accordingly, that no stock company comes within the provisions of this subdivision, and that plaintiff herein has stated no cause of action.

3. It may be noted that the statute provides that the special regulation or rider mentioned may be inserted in a policy, (or attached thereto) only "with the anproval of the insurance commissioner." Counsel for plaintiff construe this to mean that all it needs to do is to present the special regulation desired to be inserted in the policy to the commissioner, and that he is thereupon compelled to give his consent and has no discretion in the matter; that the law has not set up any standard by which the commissioner may determine what regulation to permit to be thus inserted, and that, accordingly, there would be an unlawful delegation of authority, if he were permitted to declare what constitutes a proper or improper insertion in the policy. They cite Schecter v. United States, 295 U. S. 495, 55 Sup. Ct. 837, 79 L. Ed. 888. It is true, of course, that the prescribing of the forms of insurance policies to be used in the state is legislative in its nature, and is not, ordinarily at least, delegable to anybody or authority. Wylie v. Phoenix Assurance Co., (Ariz.) 22 Pac. 845,

and cases cited. The only doubt arises as to the effect of leaving to the discretion of the insurance commissioner as to what riders may be attached. The court in the Schecter case declared the whole law invalid, and if we should follow that ruling, and declare subdivision 5, supra, invalid, it would leave the plaintiff without any right to insert the clause heretofore mentioned in the policy, for the preface of section 57-218, supra, provides that "no other or different provisions, agreement, condition or clause shall be in any manner made a part of such contract or policy or indorsed thereon, or added thereto, or delivered therewith," except as mentioned in that section, including subdivision 5, supra. The only way by which this result might be avoided is by striking out as illegal that portion which relates to the approval by the insurance commissioner, and letting the remainder stand. We do not think that we can do that in this case. The legislature by section 57-218, supra, provided for a standard policy in detail. Still it felt that there might be circumstances under which other insertions might be made therein. It extended, upon a certain condition, a privilege to insurance companies which it had the right to withhold. Riders, however, might be of infinite variety. An attempt to specify a standard for the insurance commissioner in accordance with which he might act in connection therewith, would be nothing more nor less than prescribing the rules and regulations and riders themselves. State v. Whitman, 196 Wis. 472, 220 N. W. 929, 943; Flat Top Ins. Agency v. Sims, (W. Va.) 178 S. E. 519. Some of them might be beneficial, some harmless, some detrimental to the interests of insured in this state; some might merely subserve the purpose of unfair competition with other insurance companies. The legislature, unable to foresee the variety of riders which might be desired, and in order to exercise proper caution, undoubtedly deliberately inserted in

subdivision 5 the clause relating to the approval of the commissioner. It is not conceivable that it would have passed that subdivision without that clause and leave the right to insert in a policy any sort of rider which any company, in accordance with its bylaws, might wish. Hence if the clause relating to such approval is invalid, the whole of subdivision 5 is also. Thus plaintiff is between the horns of a dilemma. It must fail in this action, either because it does not have the approval of the commissioner for the insertion in its policies of the regulation in controversy, or it lacks the permission of the legislature therefor. We need not, accordingly, pass on the point whether the clause relating to the approval of the commissioner is an unlawful delegation of authority. An interesting discussion of that point is contained in the case of State v. Whitman, supra, in which a clause similar to that in subdivision 5, supra, was upheld. See further Bourgeois v. Ins. Co., 86 Wis. 609, 57 N. W. 348; Commercial Union Assur. Co. v. Preston, 115 Tex. 351, 282 S. W. 563, 45 A. L. R. 1016.

4. The judgment must be reversed for another reason. Subdivision 9 of Section 57-216, Rev. St. 1931, provides that

"Any variation of any company or insurer from the schedule of rates established and maintained by the bureau which it maintains, or of which it is a member, shall be uniform in its application to all of the risks in the class for which the variation is made" etc.

The provision was under consideration by the Supreme Court of Ohio in the case of General Insurance Co. et al v. Bowen, 130 O. S. 82, 196 N. E. 774, in which the plaintiff in this case was one of the plaintiffs. It wrote, in the State of Ohio, a policy which in effect was a one year policy, at the same annual rate as a straight five-year policy, thus reducing the cost thereof. The court held that this resulted in a different

annual rate for the same risk or similar risks in the same class in violation of the law providing that any deviation "shall be uniform in its application to all of the risks in the class for which the variation is made." The result in that case would follow in this, if participating policy holders were to receive what would substantially be a rebate from a participating fund, a rebate which would not apply to other policies. We think that the holding of the Ohio court should be applied here.

We need not determine whether or not a different rule should apply in case the plaintiff would issue all of its policies in this state as participating policies. The petition alleges merely that plaintiff "is now prepared to issue policies * * * to carry, on said policies," the endorsement mentioned in the statement of facts herein. Presumably it is now writing non-participating policies, and to leave the judgment herein stand would mean that the company could write one or the other as it pleased. That would violate the spirit of the law. We might say further, that on account of the uncertainty of the amount of any rebate on any policy, and the probable difference in amounts, if any, to be distributed in any one year, an inquiry might well be raised as to whether the uniformity contemplated by the statute could be affected under any such participating policy as the plaintiff proposes to issue. We need not, however, determine that point.

Defendant has argued that an action for a declaratory judgment is not the proper action herein. In view of what we have said, it is unnecessary to pass on that point.

The judgment of the district court is reversed, with direction to enter judgment for the defendant and dismiss plaintiff's petition.

*Reversed, with Directions.*

KIMBALL, CH. J., and RINER, J., concur.