Argued February 11; affirmed March 16, 1937

# GENERAL INSURANCE CO. OF AMERICA
## ET AL. *v.* EARLE

(65 P. (2d) 1414)

*John H. Hall*, of Portland (I. H. Van Winkle, Attorney General, Willis S. Moore, Assistant Attorney General, and Jay Bowerman, of Portland, on the brief), for appellant.

*Calvin N. Souther*, of Portland, and *Ralph S. Pierce*, of Seattle, Wash. (Wilbur, Beckett, Howell & Oppenheimer, of Portland, on the brief), for respondents.

RAND, J. The plaintiff, a stock company, is a Washington corporation, and, under its articles, is authorized to transact the business of a fire insurance company. It was first licensed to do business in Oregon on June 5, 1923, since which date its license has been renewed continuously until November 22, 1934, when, by order of the Insurance Commissioner of this state, its license or certificate of authority to further transact business in this state was revoked on the ground that it was issuing fire insurance policies on risks in this state which failed to comply with the insurance law of this state in the following particulars:

"1. By providing for distribution to the holders of such participating policies of such sums of money out of the earnings of the company as in the judgment of its board of directors is proper, in violation of section 46-141, Oregon Code 1930, which prohibits rebating.

2. By refusing to adhere to the schedule of rates filed by it pursuant to Section 46-1605, Oregon Code 1930.

3. By disregarding the requirement of Section 46-1611, Oregon Code 1930, that all fire insurance policies shall state on their face the amount and the rate of the premium in money.

4. By issuing such policies in violation of Section 46-1612, Oregon Code 1930, which prohibits any company, or other insurer, from precipitating or aiding in precipitating or conducting a rate war by writing or issuing a policy of insurance at a less rate than permitted under its schedule filed with the Insurance Commissioner.''

Thereupon the plaintiff filed a petition in the circuit court for Marion county to review the action of the commissioner and, after a hearing thereon, obtained a decree setting aside and vacating the order. The commissioner has appealed.

Section 7 of Article III of the plaintiff's articles of incorporation provides:

''That said company shall be a stock company operated on the participating plan, and the Board of Directors of the said company may from time to time distribute equitably to the holders of the policies issued by said company such sums out of earnings as in its judgment is proper, after setting aside from said earnings such sums for dividends to be paid stockholders and for surplus as the Board of Directors shall see fit. Such distribution of earnings may be made by an equitable apportionment to all policy holders of the company, irrespective of the class and character of their risk or risks, or the Board of Directors may in its discretion classify the risks of the company according to the various hazards covered and distribute such earnings or any portion thereof to the policy holders in each classification according to the experience of the company in such classes.''

In conformity with this provision, all fire insurance policies issued by the plaintiff since June 5, 1923, on risks in this state have contained the following clause:

"The Board of Directors, in accordance with paragraph 7 of Article 3 of the company's Articles of Incorporation, may from time to time distribute equitably to the holders of participating policies issued by said company such sums out of its earnings as in its judgment is proper."

■■ The two main contentions urged in support of the commissioner's ruling are substantially as follows:

(1) That a policy containing this provision fails to specify on its face, as required by section 46-141, Oregon Code 1930, the amount of the premium to be paid thereon, since the amount which will ultimately be distributed to the holder is an indefinite sum which cannot be determined until the expiration of the policy period, and

(2) That the payment by the insurer to the insured, under a participating policy, of any part of the premium stated in the policy is unlawful under subdivision 7 of section 46-107, Oregon Code 1930, when made by a stock company.

Section 46-141, in part, provides:

"Every insurance policy issued in this state shall bear on its face a true statement of the premium paid or to be paid and no insurance company * * * shall * * * offer, promise, * * * or pay directly or indirectly, any rebate of, or part of, the premium payable on the policy, * * * or any other valuable consideration or inducement * * * for insurance, on any risk * * * which is not specified in the policy of insurance; nor shall any company * * * offer, promise, give, sell or purchase any

\* \* \* property, or any dividends \* \* \* or other thing of value whatsoever, as inducement to insurance \* \* \* which is not specified in the policy. \* \* \*''

In the nature of things, no insurance company writing a participating policy can tell in advance what losses it may sustain during any policy period, nor what amount of earnings it will have on hand for distribution to its policyholders at the expiration of such period. It, therefore, is impossible for it to specify on the face of the policy the exact amount which will be distributed to the holder upon the termination of the policy. Like all other insurance companies, the plaintiff was required to file its schedule of rates in the office of the Insurance Commissioner and, in writing its policies, was compelled to exact from its policyholders payment of the rate stated in the schedule filed with the commissioner. The amount thus to be paid was a definite and fixed amount and was stated on the face of the policy itself. This we think conformed to the provisions of section 46-141, Oregon Code 1930, which requires that every insurance policy shall bear on its face a true statement of the premium paid or to be paid, and that no rebate or other consideration for insurance shall be promised or paid unless specified in the policy. Whatever sum would later be repaid to the policyholder under this participating clause was of benefit to the policyholder and in the public interest. There is nothing wrong or immoral in the making or execution of such a contract and, unless forbidden by some other statute, the contract was lawful and in the interests of the public.

One of the purposes of this statute is to promote competition in the fixing of rates by insurance com-

panies. They are permitted under the statute to fix their own rates and, because of competition, must fix a reasonably low rate in order to obtain business.

Under its charter, the plaintiff was authorized to write fire insurance policies containing this provision and all policies written by it in this state since June 5, 1923, contained that clause. During that time there has been no change or amendment made in the law and the form of the policies written have been continuously on file in the office of the Insurance Commissioner. Section 46-1801, Oregon Code 1930, provides that all fire insurance policies shall conform to the standard policy form and shall contain on page two of the policies the conditions prescribed by the statute. That section further provides:

"* * * that any fire insurance company, corporation, or association, its officers or agents, may add to such conditions other conditions, provisions and agreements not in conflict with law, or contrary to public policy; but such conditions must be placed on the first page of the policy."

It is contended that, under the proviso contained in subdivision 7 of section 46-107, Oregon Code 1930, stock companies are prohibited from returning to their policyholders any part of their unabsorbed premiums. That subdivision directs that every insurance company, excepting a marine insurance company, before receiving a license or a renewal of a license to transact insurance business shall file its rating schedules and policy forms in the office of the Insurance Commissioner and shall observe its rating schedules and not deviate therefrom until amended or corrected rating schedules have been filed and, in its application of rates between risks of essentially the same hazard,

shall make no discrimination. Following these provisions is a proviso reading as follows:

"* * * provided, that nothing herein contained shall prevent any mutual insurance company or any interinsurance or reciprocal insurance exchange from making return of unabsorbed premiums to members at the end of the policy period. * * *"

To this proviso we are asked to apply the rule that the expression of one thing is the exclusion of another. One of the offices of a proviso is to exclude some possible ground of misinterpretation of it, and this, we think, was the purpose sought to be accomplished by this proviso, for it could answer no other purpose so far as the return to its members of its unabsorbed premiums by a mutual company or interinsurers or reciprocal insurance exchanges are concerned. Their common-law right to distribute among their own members their surplus profits exists independent of statute and this proviso merely confirms that right and places it beyond dispute. Moreover if the interpretation sought to be given to section 46-141 could be upheld as to a stock company, it must be upheld as to a mutual company writing participating policies, for it applies to all insurance companies, whether stock or mutual companies, and the failure to specify on the face of the policy the exact amount to be returned to the policyholder would be as fatal in one case as in the other and would be as much a bar to a mutual company as to a stock company.

In construing statutes containing the same terms as are written into our statute, the supreme court of the State of Ohio, in *State ex rel. v. Conn*, 110 Ohio St. 404 (144 N. E. 130), overruled both the objections urged here and, in doing so, we think clearly interpreted these particular provisions.

■ The further contention that, in permitting the plaintiff to issue participating policies, it might cause a rate war is answered by the fact that these policies have been in force for the last thirteen years and no rate war has ensued. Hence, while we recognize that the former Insurance Commissioner of this state, in making his order of revocation, was acting in entire good faith and from a desire to enforce the law as he understood it to be, we think his construction of the law was erroneous and should not be upheld.

For these reasons, we affirm the judgment of the lower court.

BAILEY, J., not sitting.