GENERAL INSURANCE CO. OF AMERICA v. STATE INSURANCE BOARD et al.

No. 29991.   Oct. 21, 1941.

*118 P. 2d 392.*

J. Berry King and George J. Fagin, both of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Fred Hansen, Asst. Atty. Gen., and Embry, Johnson, Crowe & Tolbert, of Oklahoma City, for respondents.

Hayes, Richardson, Shartel & Gilliland (S. W. Hayes, of Oklahoma City, and Chase M. Smith, Henry S. Moser, and I. E. Ferguson, all of Chicago, Ill., of counsel), amici curiae.

HURST, J. This is an appeal from an order of the State Insurance Board, entered on August 3, 1940, directing appellant, General Insurance Company of America, a foreign stock insurance company licensed to do business in this state, to discontinue writing a participating fire insurance policy, which it had been writing in this state since September 1, 1937, under authority granted by the Insurance Board.

The material facts are these: The General Insurance Company of America is a fire insurance company organized under the laws of the State of Washington. It is affiliated with three other cor-

porations in the following manner: General America Corporation of Seattle, Wash., is a holding company, and owns all the stock of appellant. First National Insurance Company of America is a stock fire insurance company, and General America Corporation and General Insurance Company each owns one-half its stock. General Casualty Company of America is a stock casualty insurance company, and General Insurance Company owns all its stock. The same persons occupy the executive offices, and the same persons constitute the board of directors, of all four companies. The separate corporate identity of each is maintained.

General Insurance Company operates in 46 states. In 18 of the states it writes participating insurance, and in 28 it writes nonparticipating insurance. It does not write both kinds in any state. First National writes only nonparticipating insurance in Oklahoma. Generally, the same agents represent both companies, as well as other companies not connected with the four named companies. First National pays larger commissions than General Insurance Company, and will write Oklahoma risks that General will not write. The agents determine what company the policies shall be placed with. It is not here contended that the financial condition and structure of appellant is unsound. The provision for dividends in appellant's policy, on which the order appealed from was predicated, is as follows:

"The Board of Directors, in accordance with Paragraph 7 of Article III, of the Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment is proper."

The record discloses that, under this provision, appellant had distributed to all its policyholders in Oklahoma 20 per cent of the gross premiums paid during the three years it operated in Oklahoma under said policy provision, and that, with few exceptions, it has in the past paid a 20 per cent annual divi-

dend on participating policies issued in the other states. Appellant has filed a schedule of its rates as required by law, which is the same as those fixed by the Oklahoma Inspection Bureau. The dividends are paid out of net earnings that would otherwise go to the stockholders. Part of its earnings are from sources other than premiums on policies it issues.

The State Insurance Board makes three contentions: (1) That the payment of the dividend violates sections 10537 and 10551, O. S. 1931, 36 O.S.A. §§ 135 and 149, in that it constitutes a rebate of part of the premiums; (2) that the payment of such dividend as the board of directors may determine invades the province of the State Insurance Board in its right to regulate rates as provided in sections 10533, 10534, and 10536, O. S. 1931, 36 O.S.A. §§ 131, 132, and 134; and (3) that the method of operation constitutes an unlawful discrimination between the policyholders of the General Insurance Company and those of the First National, in violation of section 10540, O. S. 1931, 36 O.S.A. § 138. We will dispose of these contentions in the order stated.

1. In support of the first proposition the State Insurance Board contends that the payment of dividends by a stock company is violative of that part of section 10537, O. S. 1931, 36 O.S.A. § 135, which prohibits any such insurance company from remitting or refunding "in any manner or by any device any portion of the rates so established or extend to any person any privileges or inducements except as specified in such schedule." It further contends that the payment of the dividend is violative of that part of section 10551, O. S. 1931, 36 O.S.A. § 149, which provides that no such company "shall offer to pay or allow or agree to pay or allow any rebate of premium paid or payable under its policy, or any rebate from the amount of premium stated in its policy, or any special favor, advantage, benefit, valuable consideration or inducement whatever not specified in the policy." The board relies largely on General Insur-

ance Co. v. Ham, 49 Wyo. 525, 57 P. 2d 671. On the other hand, appellant largely relies on American Druggists' Fire Insurance Co. v. State Insurance Board, 184 Okla. 66, 84 P. 2d 614; State ex rel. Merchants Fire Insurance Co. v. Conn, 110 Ohio St. 404, 144 N. E. 130; and General Insurance Co. v. Earle, 156 Ore. 40, 65 P. 2d 1414.

Since appellant is not asking to write both participating and nonparticipating insurance in Oklahoma, we think the Ham Case, which construes Wyoming statutes similar to ours, is not in point. We think the cases relied on by appellant are controlling. The dividend is paid out of net earnings, and does not constitute a rebate of part of the premium. All the policyholders in Oklahoma of the same class are treated alike. The payment of the dividend does not violate the letter or the spirit of either section 10537 or section 10551. The fact that the amount of distributable earnings paid to each policyholder is measured by the amount of premium paid is not important, and does not establish that it is a rebate of premium instead of a payment of dividend from distributable earnings.

2. In American Druggists' Fire Insurance Co. v. State Insurance Board, above cited, we held that the purpose of sections 10533 to 10553, O. S. 1931, 36 O.S.A. §§ 131 to 151, is to provide for the supervision and regulation, by the State Insurance Board, of insurance rates so as to protect the insuring public from discrimination by any one company, and at the same time preserve open competition among the companies. The power to approve or disapprove rates is given to the Board so as to prevent such discrimination and to prevent insurance companies from charging rates that are either excessive or inadequate. Associated Industries of Oklahoma v. State Insurance Board, 173 Okla. 41, 46 P. 2d 361. We find nothing in the statutes, on which the board relies, to justify us in saying that the right of the board to regulate insurance rates carries with it the right to regulate the declaration of dividends. Dividends are payable only out of distributable earn-

ings, and ample authority is given the State Insurance Board to protect the insuring public if unlawful or excessive dividends are declared so as to threaten the solvency of the companies. It is given the right to audit the books of the companies, revoke their licenses to do business, institute injunction or receivership proceedings, and require annual statements. See sections 10466-10469, O. S. 1931, 36 O.S.A. §§ 48-51, and sections 10477, 10478, O. S. 1931, 36 O.S.A. §§ 56, 104. Since dividends are payable only out of net earnings, and the net earnings cannot be ascertained until the end of the business year, it would not be possible for the companies to file with the general basis schedule of rates the dividend rate. There is no language in the statutes relied on by the Insurance Board (sections 10533, 10534, 10536) justifying the conclusion that the board may interfere with the right of the board of directors to use its best judgment in determining whether to pay a dividend to the policyholders, or in fixing the amount of the dividend.

3. The State Insurance Board finally contends that we should disregard the fiction of corporate entity of the General Insurance Company and the First National Insurance Company, pierce the corporate veil, and hold that in view of the relation between the named insurance companies, their stock ownership, their common directorates and officers, they in effect constitute one company, and that the issuance of the participating and nonparticipating policies constitutes discrimination between policyholders contrary to the terms of section 10540, O. S. 1931, 36 O.S.A. § 138. Collateral attack on the due incorporation or the powers of any company is not permitted by statute in this state. Section 9717, O. S. 1931, 18 O.S.A. § 4. This applies to the state and its agencies as well as to private individuals. Postal Bridge Co. v. State ex rel. Dabney, Atty. Gen., 139 Okla. 225, 282 P. 462; Mitchell v. Carter, 31 Okla. 592, 122 P. 691.

The State Insurance Board recognized the separate entity of the General and First National when it issued a license to each of them to engage in the insurance business in this state, but now it seeks to disregard the separate entity of each in the exercise of its regulatory authority. We do not discuss the question whether the State Insurance Board could have refused to issue a license to do business in this state to the one last applying for a license on the ground that the latter was not a separate entity from the former which already was licensed to do business in this state, but hold that, after recognizing each as a separate entity for the purpose of licensing, the State Insurance Board in its regulation of issuance of participating and nonparticipating policies cannot collaterally question the separate corporate entity of appellant.

Order vacated.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. WELCH, C. J., and DAVISON, J., dissent. RILEY, J., absent.