DEPARTMENT OF INSURANCE OF INDIANA ET AL. *v.* MERCHANTS FIRE INSURANCE COMPANY OF INDIANA.

DEPARTMENT OF INSURANCE OF INDIANA ET AL. *v.* INDIANA RETAIL MERCHANTS ASSOCIATION MUTUAL FIRE INSURANCE COMPANY.

[No. 27,943. Filed October 20, 1944.]

612

*James A. Emmert*, Attorney General, *Frank Hamilton*, First Assistant Attorney General, and *Thomas L. Webber*, Deputy Attorney General, for appellants.

*William H. Thompson, Perry E. O'Neal*, and *Patrick J. Smith*, all of Indianapolis, for appellees.

FANSLER, J.—On motion of the parties, the above causes were consolidated for appeal. The actions were begun by the appellees to enjoin the enforcement of a rule by the Insurance Commissioner ordering the appelles to discontinue the issuance of policies of insurance for a term of years with a provision that the premium named in the policy for the entire period shall be payable in equal annual installments. There was a judgment enjoining the enforcement of the order.

Section 39-4310, Burns' 1940 Replacement, § 9505-10, Baldwin's Supp. 1935, provides that every fire insurance company shall maintain, or be a member of, a rating bureau; that the bureau shall file with the department the classification of each town and the basis or table rate that is used in each town, and all regulations or rules of the bureau; that no company or rating bureau shall charge or fix any rate upon property which discriminates unfairly between risks in the application of like charges and credits, or which discriminates against risks of essentially the same hazards. The statute also provides that: "Any deviation of any company or insurer from the schedule of rates established and maintained by the bureau which it maintains, or of which it is a member, shall be uniform in its application to all of the risks in the class for which the variation is made . . . ." And that: "Every

company or insurer shall be permitted to make uniform percentage reductions in the specific rates of any bureau of which it is a member, and rating bureaus shall not have rules and regulations which interfere with making such uniform reductions." If companies are restricted in varying rates to percentage reductions, as provided for in the last sentence quoted, the previously quoted clause would be surplusage, so it must be concluded that companies may make deviation from rates other than percentage reductions if the deviations are uniform in application.

The rating bureau to which the appellees subscribed prescribed a full annual rate for the first year for policies that ran for more than a year, and 75 per cent. of the annual rate for each additional year. Thus the premium on a five-year policy would be four times the annual rate, payable in advance, while the premium under the provision of the policy complained of by the appellants is payable in five equal installments, and the policy is only in force for such year or years as the premium is paid. Thus if the premium is not paid for the second year, the policyholder has had one year insurance at one-fifth of the five-year rate, which is 20 per cent. less than the rate for a one-year policy.

It is first contended by the appellants that the provision constitutes an unlawful deviation from the schedules, rules, and regulations of the rating bureau, for the reason that the schedules of the bureau require term policies to be paid on the basis of 100 per cent. of the first-year rate and 75 per cent. of the rate for each renewal thereafter, and require payment in advance of the entire premium. It is agreed that the companies may file and charge a lower and different rate, but it is argued that, since the statute provides for deviation in rates only, there can be no

deviation or variance from the rules and regulations, and that payment in installments is such a deviation and therefore unlawful. It would serve no good purpose to analyze the lengthy arguments upon the question of whether or not these deviations were from rules or rates. The statute is not entirely clear upon the question of what was meant by rules and regulations as distinguished from rates. In one. sense, rates prescribed by rating bureaus are established by rule of the bureau, or by regulation if one should choose that term. As we understand it, the function of the bureau is twofold. It classifies risks and prescribes rates, or, in other words, it rates the hazard of each risk to be insured and fixes the compensation, ordinarily known as the "rate," which the insured is to pay for protection. It clearly contemplates a uniform deviation in charges upon notice to the bureau or department, and expressly provides that uniform percentage reductions "shall be permitted." It is not unreasonable to construe the statute as intending that companies may charge a less rate than is prescribed by the bureau, but that they may not change the classification or the method of classifying insurance risks. No other substantial basis is seen for a distinction between the variations which a company may make and those which it may not make.

It appears that the appellees have issued their policies containing the endorsement complained of for almost twenty-five years, without protest or objection, except that in 1936 the then Insurance Commissioner conducted a hearing for the purpose of investigating the question of the right of the appellees to issue such policies, and after hearing took no action to prevent the practice. If it had been then determined by the Commissioner that the practice was

in violation of the statute, it was his duty to stop it. His lack of action must be construed as an administrative interpretation of the statute authorizing the practice, which, while not controlling, lends some support to the interpretation adopted by the trial court.

In *General Insurance Co. of America* v. *Bowen, Supt. of Insurance, et al.* and *Merchants' Fire Insurance Co. of Indiana* v. *Bowen, Supt. of Insurance, et al.* (1935), 130 Ohio St. 82, 196 N. E. 774, the Supreme Court of Ohio considered the provision here involved. The companies at that time were issuing an ordinary five-year term policy, which required full payment in advance, to some of its subscribers, and the order of the Insurance Commissioner was upheld on the ground that "the deviation is not uniform." No such question is presented here, since all of the appellees' term policies are the same. The contracts involved are participating policies. The policyholder renewing his term policy at the beginning of the second year, by paying the premium, receives his first year's dividend, usually 20 per cent. in one company and 30 per cent. in the other. But if there is no renewal by payment of the second year's premium, the policy is cancelled, and the policyholder does not receive the participating dividend. The appellants contend that this is discriminatory and contrary to the statute. We find no basis for the contention. The same contract is offered to all insurers, and those who cancel, or whose policies are cancelled, pay a different rate for the time insured than do those who continue for a full term. If this is discrimination and inequality, then, quoting a different rate for a long-term policy than for a one-year policy is discrimination, and the approved common practice of short rating upon cancellation is discrimination.

It is also contended that: "As shown by the evidence, Appellees' policies containing such endorsements, being participating policies, while purporting to be for five years, are in fact insuring only for one year. Appellees, by withholding the previous year's dividends from policyholders who do not renew for a second, or subsequent year, thereby use such endorsements as a part of a plan which enables Appellees to unlawfully offer a valuable inducement to policyholders to renew same, which inducement provisions are not set out in said policies." The policy provides on its face for the distribution of divisible surpluses. It is a so-called "participating" policy. The withholding of participating dividends to one who does not renew, so long as all policyholders are treated equally in this respect, is no more discriminatory than short rating upon cancellation. If the distribution of surpluses is an inducement, it is not a hidden one, since the policy provides for it. See *State ex rel. Merchants' Fire Insurance Co. of Indiana* v. *Conn, Supt. of Insurance* (1924), 110 Ohio St. 404, 144 N. E. 130.

In view of the conclusion announced, it is unnecessary to consider the other questions presented.

Judgment affirmed.

NOTE.—Reported in 57 N. E. (2d) 62.