### AMERICAN ROLLING MILL CO v EARNHART

Ohio Appeals, 1st Dist, Butler Co

Decided Dec 5, 1932

B. F. Harwitz, Middletown, for plaintiff in error.

C. W. Elliott, Middletown, and Fred B. Cramer, Middletown, for defendant in error.

## OPINION

By HAMILTON, J.

We have read the record of the evidence adduced to show that claimant was a partly dependent person. While the evidence is not clear as to the amount of dependency of the mother, there is evidence that the son contributed to her support and that she depended to a certain extent on him for the payment of the house rent, for the groceries, and perhaps for some of her clothing. The amount contributed is not definite and certain, but there is sufficient in the record to show she was partly dependent. Her husband was a confirmed invalid and unable to earn anything. She did not receive any support other than from the son, with the exception of a few dollars which she was able to earn herself, and some scant charitable assistance.

We are of opinion that the jury was justified in finding under the evidence that she was a partly dependent person.

The question of law which counsel for plaintiff in error claims bars defendant in error from participating in the state insur-

ance fund may be summed up in the claim that the original award to the wholly dependents exhausted the power of the commission; that there could not be a full award to the wholly dependents and an additional award later to the partly dependents.

Counsel cites the case of **Industrial Commission v Wagar, 14 Oh Ap 34,** for support of this proposition. The Wagar case, however, was based upon the decision of the Supreme Court in the case of **State ex Munding, Admr. v Industrial Commission,** 92 Oh St 434, 111 NE 299, L.R.A. 1916D, 944, Ann. Cas. 1917D, 1162. The holding in the Munding case was that the award having been made to a dependent, upon the death of the dependent any unexpended balance of the award is payable to the estate of the dependent. The Munding case, however, was overruled by the case of **State ex Crawford, Exr v Industrial Commission, 110 Oh St 271,** 143 NE 574, 575. In overruling the Munding case the Supreme Court held in the Crawford Case that the "personal representative" of the dependent on the death of dependent was not "entitled to receive the unpaid installments."

It is argued by counsel that in the Wagar case the decision was not limited to the determination that the award was a vested right and payable to the personal representative in case there were unpaid installments at the time of the death of the beneficiary, but that the case decided that there were two classes of dependents—those wholly dependent and those partly dependent—and if there were wholly dependents, and one award was made, it precluded the power of the commission to make any award to partly dependent persons. We are of opinion that counsel gives an unwarranted conclusion to the decision in the Wagar case. While it is true the court in the Wagar case states in the syllabus that there "cannot be a joint award of compensation from the state insurance fund, under §1465-82, GC, to a wholly dependent class and a partly dependent class," however, in the opinion it is clear that the court based this proposition on the fact that the whole award must be paid to a class of wholly dependents, if such there be; and, since under the Munding case it was found that any unpaid balance in the award would go to the estate of the dependent there would be nothing to go to the partly dependent persons. There may have been justification in some of the observations in the Wagar case, due to the decision in the Munding case, but in the absence of a de-

cision in the Munding case the court probably would not have arrived at the decision it did in the Wagar case.

We are of opinion that under §1465-82, GC, and the construction thereof given by the Supreme Court in the case of State ex Crawford, Exr v Industrial Commission, supra, the claimant is not barred from participating in the state insurance fund if she be a partly dependent person and there remains in the original award an unpaid balance.

In the opinion in the Crawford case, the court considers the several sections of the Code and the constitutional provisions pertinent to the question of the distribution of funds from the state insurance fund. Commenting on **§1465-86 GC,** which provides that the "powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified," the court further states in the Crawford case, **page 279 of 110 Oh St,** 143 NE 574, 576:

"It will be seen that there are no limitations upon the continuing jurisdiction. Counsel for the relator, in this particular case, seek to avoid this sweeping provision giving the commission continuing jurisdiction solely on the ground of the alleged mandatory provisions contained in §1465-82 GC.

"If we were disposed to resort to a technical analysis of the language of that section we think it would be possible to show that the language is not mandatory, but it is not necessary to resort to technicalities. That section must be construed in pari materia. * * * They are all parts of the same law. They are all enacted pursuant to the same constitutional authority and must be harmonized and so administered by the Commission as not to create inequalities; so as not to create rights in favor of one class of persons wholly inconsistent with rights granted to others. If the continuing jurisdiction of the Commission should not be applied to wholly dependent persons, then no reason can be found in justice or equity why they should be applied to partly dependent persons or to injured employees. To give to that section the construction claimed by counsel for relator would raise a serious doubt as to its constitutionality, as not having uniform operation."

The court then proceeds to find and hold that there are no limitations upon the con-

tinuing jurisdiction of the commission, granted by §1465-86, GC, and that this jurisdiction controls in the disbursement of the fund.

Sec 1465-82, GC, provides for relief to partly dependent persons.

Had the claimant filed her claim at the time of, or before, the award was made to the wholly dependent persons, the Industrial Commission would have had power to have made some part of the award to the partly dependent persons. The claimant in this case filed her claim within the time prescribed by law. If a partly dependent person, she could have been made some allowance. The award was made prior to the filing of her claim, and the whole award made to the wholly dependent persons. There remains in that award an unexpended balance, which may not go to the estates of the wholly dependent persons. The commission has already made several orders concerning the fund, to-wit, ordering payments to the widow and infant child; transferring the same award to the infant son, on the death of the widow; and, again, the order discontinuing the payments by reason of the death of the infant son.

We are of opinion that under the power conferred by statute the commission may make an award to this claimant as a partly dependent person out of the unexpended balance of the award.

While we have discussed the law question, it may be that this is not in the case, and might more properly be raised later in another action. The only judgment here for review is whether or not the finding of the jury that the mother was a partly dependent person was erroneous.

Finding no reversible error, the judgment is affirmed.

Judgment affirmed.

ROSS, PJ, and CUSHING, J, concur.