BALLARD, ADMR., APPELLEE, *v.* OHIO EDISON CO., APPELLANT.

(Decided May 13, 1937.)

*Mr. A. H. Helling,* for appellee.
*Mr. R. H. Nesbitt* and *Mr. R. G. Jeter,* for appellant.

SHERICK, J.   One Walter Ballard was an employee of the Canton Traction Company, a self-insurer under the Workmen's Compensation Act of Ohio.   The defendant, the Ohio Edison Company, appellant, is the successor to that company.

The employee sustained an injury in the course of his employment.   He thereafter died as a result thereof.   Alice A. Ballard was his surviving widow and sole dependent.   Prior to death, the employee filed with the Industrial Commission his first notice of injury and application, and the cause was numbered in that tribunal.   Thereafter, the employer filed a first notice of death.   On March 24, 1931, next, the insurer and defendant entered into an agreement concerning compensation on account of death.   This paper recites the names of the employer, the employee and the claimant.   The date of injury and death are next agreed to and the employee's weekly wage is recited.   It is further agreed that the claimant widow is the only dependent of the deceased.   It is agreed that the compensation shall be $6,500, which shall be paid in weekly installments; that the employer has paid all funeral expenses and other charges, in accordance with the Workmen's Compensation Act.   It is finally stipulated that "the foregoing agreement is hereby submitted for approval and confirmation by the Industrial Commission of Ohio."   The commission considered the agreement and approved it.

On May 2, 1936, the appellant filed with the commission a final report of the accident and payment.   It recited that the sole dependent died on March 25, 1936; that the insurer had made the weekly payments in the total sum of $4,928.87; and that it had ceased making payments as of the date of death of the dependent.

The plaintiff, Robert Charles Ballard, appellee, as the duly appointed administrator of the estate of the dependent, commenced this action in the Court of Common Pleas upon the theory that there was a breach of contract of the agreement of March 24, 1931. The defendant denied liability, and upon submission of the cause to the court, the issue was determined in plaintiff's favor, and judgment was entered for the difference between the compensation agreed upon and the sum actually paid. Of this judgment the appellant now complains.

It is conceded that this action is upon all fours with that of *State, ex rel. Crawford, Exr.,* v. *Industrial Commission,* 110 Ohio St., 271, 143 N. E., 574, except that this involves an approved settlement agreement by a self-insurer, while the *Crawford case* involves an award made by the commission itself. Appellant contends that the same rule should govern in this instance. The appellee asserts otherwise and takes the position that this agreement was a voluntary and binding private contract, which survived dependent's death and to which her estate succeeded.

Section 35 of Article II of the Ohio Constitution prescribes that laws may be passed "providing compensation to workmen and their dependents," and as pointed out in the *Crawford case,* the Legislature "has studiously recognized this limitation" and specifically said in Section 1465-88, General Code, that:

"Compensation before payment shall be exempt from all claims of creditors and from any attachment or execution, and shall be paid *only to such employees or their dependents.*" (Italics ours.)

The *Crawford case* makes several further pertinent observations. It is pointed out that the provisions of this act are all a part of the same law, and that its avowed purpose is the compensating of injured employees and the dependents of employees killed in the

course of their employment. It is held that certain sections of the act must be construed *in pari materia*. It seems to this court, in view of closely related component parts of this law, the object of its accomplishment, and what may be hereinafter said, that all its provisions should so be construed in relation to each other that the act may be a harmonious and all embracing code to accomplish the purpose permitted and declared by the constitutional provision. The authority noted recognizes the force of Section 1465-86, General Code, in that:

"The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified."

The court in the *Crawford case* arrived at the ultimate conclusion that the commission's award, upon the death of the employee's only dependent, was revocable, and that the dependent's personal representative was not entitled to recover unpaid installments due after the date of the dependent's death.

We find it later held by the Supreme Court, in *State, ex rel. Rowland, Admr.*, v. *Industrial Commission*, 126 Ohio St., 23, 183 N. E., 787, 87 A. L. R., 862, that:

"Every provision of our Workmen's Compensation Law, and there are many, restricts payment out of the fund to the living workmen and to the dependents of those who die in industrial service."

As a part of the act, it is provided in Section 1465-69, General Code, that employers of sufficient financial ability and "who will abide by the rules of the Industrial Commission * * * may, upon a finding of such fact by the Industrial Commission of Ohio, elect to pay individually such compensation," such compensation to be equal to or greater than the sums allowed by the commission in similar cases. This sec-

tion further provides, in certain cases, that the commission may be required to make contributions in payment of certain injuries sustained by employees of self-insurers. The section concludes with the commission's power "at any time [to] change or modify its findings of fact herein provided for, or revoke the right of such employer to pay compensation direct."

Having in mind the foregoing observations, we shall answer the query propounded as to whether a self-insurer, as in the appellant's cause, is governable by the conclusion in the *Crawford case*. But, before passing, the case of *Tierney* v. *Tierney & Co.*, 176 Minn., 464, 223 N. W., 773, deserves quotation. It is very like the *Crawford case*. It assigns certain reasons for its conclusion. It is said:

"That the right is purely statutory and does not extend beyond the life of the beneficiary unless the statute so provides [the Ohio law makes no such provision]; that the right being non-assignable does not survive to others at death; that it grew out of the contract of employment, is in lieu of wages, is personal like the contract of employment, and is terminated by death as that would have terminated the contract out of which it grew; that it is intended for the personal benefit of the beneficiary, and is not a vested right nor transmissible to others; and that, the statute, having specified the rights granted to dependents, they possess only those so specified."

All of these conclusions may be subscribed to by an Ohio court as sound in this state's theory of the Industrial Commission Law.

The appellee maintains that the agreement sued upon is purely a personal contract. We answer that it is personal in the light of the reasons specified in the Minnesota case. To our notion, it goes no further. The agreement is indited upon a printed Industrial Commission form, bearing the commission's case num-

ber; it is styled an "agreement as to compensation on account of death"; it names the widow as the sole dependent; it states that compensation "shall be paid to said claimant" in installments; her heirs or estate are not mentioned; it was not specified to survive her death; it concluded with the stated understanding that the agreement was to be "submitted for approval and confirmation" to the commission. If the agreement was in all respects personal, why it should be submitted to the commission, as the parties intended, is hardly understandable, unless it was subject to the commission's order. As it is the commission's prerogative to see that a self-insurer complies with the compensation law and the commission's rules, it should very properly be submitted to it for approval.

Let us suppose that the true fact was that the deceased employee had other dependents. If it, the commission, had ascertained those facts independently, without doubt, it, as an administrative body, empowered to administer the law in case of death among dependents, would have required an apportionment of benefits. Had it acquired such knowledge at a later date, the commission, without question, could rescind its approval and require a subsequent apportionment of future benefit payments. Under this power of continuing supervision and jurisdiction, we find in *American Rolling Mill Co.* v. *Earnhart*, 45 Ohio App., 315, 186 N. E., 883, an instance where the commission refused to modify its approval of a compensation agreement. The Court of Appeals sustained the jury's verdict and allowed benefits to a partially dependent mother, not considered in the compensation agreement or the commission's approval thereof. We find that the Supreme Court in that cause refused to entertain a motion to certify. This court is of the opinion that the commission's approval of the compensation agreement, although not strictly an order, in fact has the

same force and effect and is such a matter as the commission might and could cause to be modified if and when occasion demanded.

Appellee says that the insurer voluntarily made an election to pay direct. That is true, but the permission so acquired was subject to its compliance with the law and the rules of the commission. It might, at any time, be revoked. It was not a complete emancipation from the commission's supervision, but was only a privilege accorded it, of value to it, no doubt, but also of value to the commission in that it was and is thereby relieved of much routine labor.

It is this court's opinion that the cause of *Wells* v. *Gannon*, 76 F. (2d), 837, relied upon by appellee, is not decisive of this controversy. This case goes no further than to hold that an amount due under an agreement between an injured living employee and a self-insurer, which thereafter became bankrupt, was provable in bankruptcy as a preferred claim. It was not a case involving the death of an employee and all of his dependents.

In conclusion, let it be remembered that the instant case is not one having to do with accrued compensation prior to dependent's death; neither is it a case of commutation of benefits in a lump sum.

The judgment of the trial court is reversed and final judgment is rendered in favor of the appellant.

*Judgment reversed.*

MONTGOMERY, P. J., and LEMERT, J., concur.